Argued on review September 10, reversed and remanded
November 24, 1971

STATE OF OREGON, *Respondent, v.*
MICHAEL WEBB SMITH, *Appellant.*

490 P2d 1262

On review from the Court of Appeals.

*Howard R. Lonergan,* Portland, argued the cause
and filed briefs for appellant.

*Walter L. Barrie,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE and BRYSON, Justices.

DENECKE, J.

The defendant was convicted of burglary. The Court of Appeals affirmed. 5 Or App 578, 484 P2d 1128 (1971). We granted the petition for review.

Defendant testified he had taken LSD several hours before the alleged burglary and was under the influence of the drug at the time. The defendant contends the trial court erred in giving the following instruction:

> "I further instruct you that voluntary consumption of drugs or intoxicants or both is not an excuse for a crime. No act of a defendant in voluntary state of being drugged or being intoxicated or of both is less criminal because of his condition if it merely makes him do something he would not otherwise do.

> "You may consider consumption of drugs or intoxicants or both in determining the purpose, motive or intent with which the defendant may have acted, but a voluntary drugged state or a voluntary intoxicated state or one involving both, is not a defense if it does not interfere with the defendant's ability to form the intent to commit the crime. And the extent here, as I just mentioned it to you, is the intent to steal property within the building. To be available as a defense a voluntary state of being drugged or being intoxicated or both, must result in a diseased mind or some other form of insanity. The burden is on the defendant to prove that defense by a preponderance of the evidence."

Defendant excepted upon the grounds that a drugged state of mind does not have to result in a diseased mind or some other form of insanity in order to be a defense, and a defendant does not have the burden of proving that he was so drugged as to prevent him from forming the requisite intent.

On reinstruction, the trial court instructed, in part:

"* * * So, the burden of proof earlier mentioned to you, that is which required the state to prove the various elements beyond a reasonable doubt, that is a heavier burden than this burden I have just mentioned on the defendant with respect to the defense of being in a drugged state or intoxicated state, or both, so as to be unable to form the intent to commit the crime. * * *."

An instruction similar to the one given here was approved in *State v. Roisland,* 1 Or App 68, 76, 459 P2d 555 (1969). The sole contention by that defendant, however, was that the instruction was only proper for alcohol intoxication and not for drug intoxication.

We hold the instruction is erroneous.

ORS 136.400 provides:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition; but whenever the actual existence of any particular motive, purpose or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the defendant was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act."

██ Under this statute, the thread running through our cases, although not always indelibly clear, is that voluntary intoxication is not a complete defense; how-

ever, the jury might find that the defendant was so intoxicated that he did not have the intent to commit the crime charged. *State of Oregon v. Zorn,* 22 Or 591, 601, 30 P 317 (1892); *State v. Weaver,* 35 Or 415, 58 P 109 (1899); *State v. Jensen,* 209 Or 239, 271, 289 P2d 687, 296 P2d 618, motion to dismiss granted 352 US 948, 77 S Ct 329, 1 L Ed2d 241 (1956), petition for rehearing denied 352 US 990, 77 S Ct 388, 1 L Ed2d 369 (1957).[①] The intoxication need not produce a "diseased mind" nor insanity in order to be considered in deciding whether the defendant possessed the requisite intent.

Our decisions on this issue have been in cases in which first-degree murder, which requires premeditation, was charged. We have approved instructions which, in essence, tell the jury that if they find the defendant was so drunk he could not act with premeditation, they cannot find him guilty of first-degree murder. *State of Oregon v. Zorn,* supra (22 Or 591). The same principle, however, is equally applicable to lesser crimes. Cases collected in Hall, General Principles of Criminal Law, supra, at 545; *People v. Jones,* 27 NY2d 222, 316 NY Supp 2d 617, 265 NE2d 446 (1970) (second-degree assault).

Apparently, in an attempt to ameliorate the effects of ORS 136.400, providing that intoxication is not a defense, this court has made a distinction between the effects of temporary intoxication and the long-term effects of extended or gross intoxication. We have frequently stated, " 'if excessive and long-continued

---

[①] The result of applying this statute may on some occasions be incongruous; however, it is built into Oregon law by statute. Jerome Hall, General Principles of Criminal Law (2d ed), 529-557. The new Criminal Code, Oregon Laws 1971, ch 743, § 11, p 1879, substantially re-enacts ORS 136.400.

use of intoxicants produces a mental condition of insanity, permanent or intermittent, which insane condition exists when an unlawful act is committed, such insane mental condition may be of a nature that would relieve the person so affected from the consequences of the act that would otherwise be criminal and punishable.'" *State v. Wallace,* 170 Or 60, 81, 131 P2d 222 (1942), quoting with approval from *Cochran v. State,* 65 Fla 91, 61 S 187 (1913); *State v. Trapp,* 56 Or 588, 592-593, 109 P 1094 (1910); *State of Oregon v. Zorn,* supra (22 Or at 597-602). These cases treat insanity caused by intoxication the same as insanity brought about by any other cause. The defendant here made no contention he was insane and "insanity" is not involved.

In stating that the intoxication must result in a diseased mind or some other form of insanity in order to be considered as a defense, the instruction is in error.[2]

The instruction also is in error in instructing that the burden of proof is on the defendant to prove the defense of intoxication by a preponderance of the evidence.[3]

This error is also caused by the failure to recognize the distinction this court has previously drawn between intoxication which affects the defendant's ability to form the requisite intent and intoxica-

---

[2] This sentence of the instruction alone might be considered technically correct as voluntary intoxication is not a defense but it is if it produces insanity, as stated in the above quotation from State v. Weaver, supra (34 Or 415). However, the trial court did not use defense in that sense as it stated previously in its instruction that intoxication is not a defense, "if it does not interfere with the defendant's ability to form the intent to commit the crime."

[3] The trial court was using "burden of proof" to mean "burden of persuasion."

tion which has reduced defendant to a form of "insanity."[4] ORS 136.390 provides that when the defendant seeks to establish insanity as a defense he has the burden of proving that defense.[5] The defendant did not plead insanity, as he is required by ORS 135.870, and he did not attempt to advance the defense of insanity.

■ The defendant has urged that this portion of the instruction is contrary to the due process clauses of the Federal and State Constitutions requiring proof of each element of the offense beyond a reasonable doubt. We do not decide that the instruction was error on a constitutional basis. We hold it was error because it conflicted with another instruction that the trial court correctly gave. The trial court rightfully instructed that the state had the burden of proving each element of the crime charged. In the crime of burglary this includes proof that the defendant broke and entered with the intent to steal, and the trial court so instructed. An instruction that the state has the burden of proving intent beyond a reasonable doubt is irreconcilable with an instruction that the defendant has the burden of proving he did not have the intent because he was intoxicated.

*State v. Wallace,* supra (170 Or at 110), and *State v. Trapp,* supra (56 Or at 594), are not clear upon the matters here in issue; however, we consider that they can be reasonably construed as not being in conflict with our present holding.

---

[4] There may be some logical "hangups" in observing this distinction; however, this is not the vehicle to attempt to solve them.

[5] We need not decide the validity of this statute. State v. Leland, 190 Or 598, 632, 227 P2d 785 (1951), affm'd 343 US 790, 72 S Ct 1002, 96 L Ed 1302, rehr den 344 US 848, 73 S Ct 4, 97 L Ed 659 (1952); State v. Grieco, 184 Or 253, 262, 195 P2d 183 (1948).

The state has cited decisions holding that the defendant has the burden of proving that he was so intoxicated that he did not have the requisite intent. *State v. Wilson,* 234 Iowa 60, 11 NW2d 737 (1943); *State v. Arnold,* 264 NC 348, 141 SE2d 473 (1965). These decisions contain no explanation for their holding except that intoxication is an affirmative defense. We find these decisions unpersuasive.

We also find that the giving of the instruction was prejudicial and we cannot affirm upon the basis that we affirmed, despite error, in *State v. McLean,* 255 Or 464, 468 P2d 521 (1970). The only defense put forward by the defendant was that he was under the influence of drugs and there was evidence to support that defense.

Reversed and remanded.