Argued April 28, affirmed June 28, reconsideration denied August 4, petition for review denied September 1, 1976

STATE OF OREGON, *Respondent,*

*v.*

VAUGHN ALLEN DODSON, *Appellant.*

(No. C-75-05-1500 Cr., CA 5367)

551 P2d 484

*Kevin O'Connell,* Portland, argued the cause for appellant. With him on the brief were O'Connell, Goyak & Haugh, P.C., Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

**FORT, J.**

Following his indictment for murder, ORS 163.115, and his raising of the defense of mental disease or defect, ORS 161.295, defendant was convicted of manslaughter, ORS 163.125. On appeal he raises three questions: (1) whether placing the burden of proving mental disease or defect on the defendant violates his right to due process of law, (2) whether statements made by the prosecutor in closing argument were sufficiently prejudicial to require a mistrial, and (3) whether the dangerous offender statutes were invalid as applied to defendant.

Defendant did not deny that he killed a woman by strangling her, although he claimed he could not remember the incident itself. The victim was the sister of the woman he had been living with and whom he had earlier planned to marry. The fiancee had broken up with defendant shortly before he murdered her sister. The evidence at trial indicated that he had been extremely upset as a result of the breakup.

Oregon's procedure requiring that a criminal defendant prove mental disorder or insanity as an affirmative defense was found to be consistent with due process of law in *Leland v. Oregon,* 343 US 790, 72 S Ct 1002, 96 L Ed 1302 (1951), *affirming State v. Leland,* 190 Or 598, 227 P2d 785 (1951). *Leland* upheld an older Oregon statute which required a defendant to prove insanity beyond a reasonable doubt instead of by a preponderance of the evidence as is now required by ORS 161.305 and 161.055(2). The general issues of burden of proof defenses and affirmative defenses were discussed at length by us in *State v. McCoy,* 17 Or App 155, 521 P2d 1074, *aff'd on other grounds* 270 Or 340, 527 P2d 725 (1974).

Defendant contends that *In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970), impliedly overrules *Leland.* Two United States Circuit Courts of Appeal have held that *Winship* does not overrule

*Leland. Hill v. Lockhart,* 516 F2d 910 (8th Cir 1975); *Phillips v. Hocker,* 473 F2d 395 (9th Cir), *cert denied* 411 US 939 (1973). We agree. *See also: State v. Smith,* 260 Or 349, 490 P2d 1262 (1971), for discussion of the predecessor statutes to the current insanity defense statutes.

■ Accordingly, we hold that the Oregon procedure of placing the burden of persuasion on the defendant on the issue of insanity does not violate defendant's due process rights. *See also:* Annotation, 17 ALR3d 146 (1968).

Defendant's second assignment of error raises the question whether statements made by the prosecution at the end of the closing arguments were sufficiently prejudicial to require a mistrial and were not cured by instructions given by the trial court. In that statement the prosecutor referred to the possibility of the defendant's strangling a person in the courtroom for which he might also be held not responsible if he were found to be insane, and then raised the question whether the defendant might be released free in the community if he were found not guilty by reason of insanity.

■ After listening to defendant's argument on his motion for a mistrial, the trial court instructed the jury, telling them that what the prosecutor had said about defendant's going free was not the law, and that disposition was a matter for the judge. He then read and summarized ORS 161.325 to 161.340 providing for disposition of persons found not guilty by reason of mental disease or defect.

Defendant did not argue to the trial court the question of the inflammatory nature of the statement about strangling someone in the courtroom which he argues on appeal and did not give the judge the opportunity to rule on that aspect of the matter at that time. We therefore do not consider this question on appeal. *State v. Marling,* 19 Or App 811, 819, 529 P2d 957 (1974), Sup Ct *review denied* (1975).

We hold upon this record and the issues raised therein that the instructions given were sufficient to support the denial of the motion for mistrial.

In his third assignment of error defendant raises several questions about the application to his case of the dangerous offender statutes, ORS 161.725, 161.735. ORS 161.725(2) provides that the court may sentence a defendant for up to 30 years in prison as a dangerous offender if:

> "The defendant is being sentenced for a felony that seriously endangers the life or safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity."

Defendant had been convicted of the felony of assault with a deadly weapon in California in 1967 when he fired at police officers attempting to subdue him after he had threatened to kill his estranged wife. He had armed himself with a rifle equipped with a telescopic sight and had taken a room across the street from her place of residence, threatening to kill both her and her parents, with whom she was then living.

ORS 161.735 sets forth the procedure for determining whether a defendant is "suffering from a severe personality disorder indicating a propensity toward criminal activity." The court correctly determined that defendant's case came within ORS 161.725(2), and after the presentence hearing pursuant to ORS 161.735, sentenced him to 20 years instead of the 10 years maximum otherwise provided for a conviction of manslaughter.

The first issue is whether the prosecutor's initiating the dangerous offender sentencing proceeding violates either the dangerous offender statutes or Article III, Section 1 of the Oregon Constitution which provides for separation of powers. Both the statutes and the constitution require that a judge perform the actual sentencing of a defendant. Neither precludes the court

from considering information presented by witnesses or recommendations presented by attorneys before it, whether or not these attorneys are members of the executive branch of the government. As long as the final decision is made by the trial court, neither the statutes nor the principle of separation of powers is involved. Clearly such was the case here.

Defendant next questions whether the procedure set out in ORS 161.735[1] was sufficiently complied with since the court did not order a post-trial psychiatric examination of defendant to see if he met the statutory standard required for sentencing as a dangerous offender. The court did not send the defendant to a state hospital designated by the Mental Health Division nor did it appoint one or more qualified psychiatrists to examine defendant, both of which procedures are authorized by ORS 161.735(1). Instead, the court received the reports of a psychiatrist and a clinical psychologist who had examined the defendant before testifying for him at trial. Both experts appeared at the presentence hearing and testified and answered questions as to whether defendant met the dangerous

---

[1] ORS 161.735:

"(1) Whenever, in the opinion of the court, there is reason to believe that the defendant falls within ORS 161.725, the court shall order a presentence investigation and a psychiatric examination. The court may appoint one or more qualified psychiatrists to examine the defendant or may order that he be taken by the sheriff to a state hospital designated by the Mental Health Division for the examination.

"(2) When the examination is conducted at a state hospital the superintendent shall notify the sheriff upon completion of the examination, and the sheriff shall return the defendant to the county in which he was convicted. The defendant shall remain in the custody of the sheriff subject to further order of the court. All costs connected with the examination shall be paid by the county in which the defendant was convicted.

"(3) The psychiatric examination shall be completed within 30 days, subject to additional extensions not exceeding 30 days on order of the court. The psychiatrist shall file with the court a written report of his findings and conclusions, including an evaluation of whether the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity.

offender standard. Both parties had full opportunity to examine the experts at that time. Both experts concluded that defendant had a severe personality disorder and both believed that he was likely to get involved again with women who would reject him, which would once more trigger a violent reaction similar to that which led to the death of the victim in the case at bar.

■ The purpose of the procedure set forth in ORS 161.735 is to provide the trial court with the report of at least one psychiatrist plus the chance to hold a presentence hearing at which the psychiatrist can be examined. Here the court had the testimony of two experts, both of whom had testified as witnesses for the defendant at his trial. The court also had the experts' recent written reports on the defendant's mental state as required by ORS 161.735(3). Both parties had the opportunity to examine the experts at the presentence hearing. Under these circumstances we hold

---

"(4) No statement made by a defendant under this section or ORS 137.124, 137.320 or 423.090 shall be used against him in any civil proceeding or in any other criminal proceeding.

"(5) Upon receipt of the psychiatric examination and presentence reports the court shall set a time for a presentence hearing, unless the district attorney and the defendant waive the hearing. At the presentence hearing the district attorney and the defendant may examine the psychiatrist who filed the report regarding the defendant.

"(6) If, after considering the presentence report, the psychiatric report and the evidence in the case or on the presentence hearing, the court finds that the defendant comes within ORS 161.725, the court may sentence the defendant as a dangerous offender.

"(7) In determining whether a defendant has been previously convicted of a felony, the court shall consider as prima facie evidence of the previous conviction:

"(a) A copy of the judicial record of the conviction which copy is authenticated under ORS 43.110 or 43.120;

"(b) A copy of the fingerprints of the subject of that conviction which copy is authenticated under ORS 43.330; and

"(c) Testimony that the fingerprints of the subject of that conviction are those of the defendant.

"(8) Subsection (7) of this section does not prohibit proof of the previous conviction by any other procedure."

[ 865 ]

that the requirements of ORS 161.735 have been complied with and the defendant's personality disorder and propensity toward criminal activity have been established. The defendant did not offer the testimony of any other expert witness at the presentence hearing.

The defendant's remaining contentions concerning the application of ORS 161.735 do not warrant discussion.

Affirmed.