Argued November 16, 1976, reversed and remanded for new trial January 10, reconsideration denied February 16, petition for review allowed March 22, 1977

## STATE OF OREGON, *Respondent,*
*v.*
## JOSEPH CHARLES STOCKETT, *Appellant.*
### (No. 75-4045, CA 6266)

558 P2d 1241

Patrick B. Gilmore, Certified Law Student, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General,

Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant was indicted for first degree arson, ORS 164.325, but was convicted of the lesser included offense of second degree arson, ORS 164.315.[1] Defendant interposed affirmative defenses of mental disease or defect excluding responsibility, ORS 161.295, and diminishing intent, ORS 161.300. He assigns as error the failure of the court to give an instruction on mental disease or defect diminishing intent. He also challenges admission in evidence of a poem he had written.

Defendant admitted setting fire to the building housing the Planned Parenthood Association. He relied on the two defenses arising from his mental condition. The evidence indicated defendant felt Planned Parenthood had forced his wife to have an abortion, had killed his baby and contributed to problems between him and his wife. During the evening of the fire the defendant had drunk 12 or 13 beers, took a pill called Quaalude and smoked hashish. Several people testified he was in a state of emotional turmoil and was very agitated at Planned Parenthood, and that he was in an unstable mental and emotional condition just prior to the fire. An examining psychiatrist testified defendant was a paranoid schizophrenic but was legally responsible for his conduct.

Both the state and defendant requested the same jury instruction regarding the defense of diminished intent.[2] The court declined to give the instruction on

---

[1] "A person commits the crime of arson in the second degree if, by starting a fire or causing an explosion, he intentionally damages any building of another that is not protected property." ORS 164.315(1).

"A person commits the crime of arson in the first degree if, by starting a fire or causing an explosion, he intentionally damages:

"(a) Protected property of another; or

"(b) Any property, whether his own or another's and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage." ORS 164.325(1).

[2] "Affirmative Defense-Mental Disease or Defect Diminishing Intent

essentially two grounds. First, the court reasoned ORS 161.300 is an evidentiary statute that has nothing to do with affirmative defenses. Secondly, the court felt instructing the jury on partial responsibility as an affirmative defense would be inconsistent with the state's burden to prove the element of intent beyond a reasonable doubt.

■ We disagree with the court's reasoning. ORS 161.305 allows defendant to prove as an affirmative defense that he did not have the requisite intent because of a mental disease or defect. Regardless, what the legislature has named the defense in ORS 161.305 (partial responsibility), the substance of the defense is contained in ORS 161.300, which is incorporated by reference into the affirmative defenses related to a mental disease or defect.

■ The court's second point is disposed of by reference to *State v. Dodson,* 25 Or App 859, 551 P2d 484, Sup Ct *review denied* (1976). We held in *Dodson* the statute requiring a defendant to prove the affirmative defense of mental disease or defect excluding responsibility did not violate defendant's right to due process of law. The same reasoning would apply where the affirmative defense involves mental disease or defect diminishing intent.

3. In addition the court said the instruction on a lesser

---

"The defense of mental disease or defect diminishing intent has been raised.

"Evidence that the defendant suffered from a mental disease or defect may be considered by you in determining the issue whether defendant did or did not have the intent which is an element of the crime charged.

"(The terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.)

"The defense of mental disease or defect diminishing intent is an affirmative defense which must be proved by that defendant. The defense must be proved by a preponderance of the evidence, that is, by the amount of evidence which, when weighed with that opposed to it, has more convincing force and the greater probability of truth." Uniform Jury Instruction No. 403.02.

included offense of reckless burning "* * * sufficiently covers any defense in regard to intent. * * *" The court apparently reasoned if the state failed to prove the element of intent the jury could find defendant not guilty or guilty of reckless burning. Pursuant to ORS 161.300 the jury, in determining if there is specific intent, is entitled to consider not only the evidence proffered by the state but also the evidence that defendant was not capable of forming an intent due to a mental disease or defect.

■ Intent is rarely proven by subjective evidence of the defendant's state of mind. It is most often established by inference from the objective conduct of defendant surrounding commission of the crime. It may very well be the state could establish the objective basis for intent and the defendant could prove by a preponderance of the evidence he could not form the intent his conduct seemed to illustrate. Under the instructions of the court, the jury could believe the defendant had a mental disease or defect, not sufficient to diminish responsibility, but that they were not authorized to use this evidence in determining if intent had been established. The instruction requested by both parties correctly stated the law and should have been given.

The state, essentially conceding the court erred in denying the instruction, argues it was not a prejudicial error. The state advances the novel argument that the questioning by both trial counsel of the witnesses focused the jury's attention on the relationship of defendant's mental condition to the "intent" element of the crime. This, coupled with the court's instructions regarding the state's burden to prove intent, the lesser included offense of "reckless burning"[3] and the definitions of "intentionally" and "recklessly" brought the issues clearly to the jury.

■■ The adversary questioning of witnesses and the arguments respecting the meaning of the evidence are

[3] "A person commits the crime of reckless burning if he recklessly damages property of another by fire or explosion." ORS 164.335(1).

not a substitute for the court's obligation to instruct the jury on the law. The jury was presented with substantial evidence of defendant's mental condition but was instructed only on the use of such evidence in relation to defendant's claim of insanity under ORS 161.295. Having rejected this defense the jury could rightfully assume, under the instructions given by the court, the evidence of mental disease or defect was no longer relevant. Under ORS 161.300 it clearly was relevant.

Defendant is entitled to have his theory of the case presented to the jury by proper instructions if there is evidence to support it. *State of Oregon v. Anderson,* 207 Or 675, 298 P2d 195 (1956); *State v. Ollison,* 16 Or App 544, 519 P2d 393 (1974); *State v. Burns,* 15 Or App 552, 516 P2d 748 (1973), Sup Ct *review denied* (1974). There was substantial evidence of defendant's mental and emotional condition.

The second assignment of error revolves around admission of an undated poem which had been written by defendant. Since the matter must be retried and since the poem may again be offered by the state we will discuss that claim of error.

Defendant asserts the undated poem could have been written anytime during defendant's lifetime and thus had no relevance to the fire defendant admitted lighting. In addition he argued since the poem talked of lighting a candle its prejudicial effect outweighed any probative value.

Evidence to be admissible must be:

"* * * relevant, i.e., have some probative value to prove some issue in a case, and that all relevant evidence is admissible unless it falls within one of the so-called 'exclusionary' rules of evidence. * * *" *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975).

In furtherance of his defense based on his mental condition, defendant offered substantial evidence of the events which influenced his life and his responses to these events. He testified in narrative form for

several hours almost without interruption cataloging his life from early childhood up to the events surrounding commission of the crime. In this context the poem was relevant to illustrate another facet of defendant's personality.

The trial judge's discretion in determining relevance of proffered evidence will be overturned only where he has abused discretion. *State v. Marling,* 19 Or App 811, 529 P2d 957 (1974), Sup Ct *review denied* (1975). The poem was relevant and properly received.

Reversed and remanded for a new trial.