Argued May 6, reversed June 21, 1977

STATE OF OREGON, *Petitioner,*
*v.*
JOSEPH CHARLES STOCKETT, *Respondent.*
(CA No. 6266, SC 25122)

565 P2d 739

W. Michael Gillette, Solicitor General, Salem, argued the cause for petitioner. With him on the brief were Catherine Allan, Assistant Attorney General, and James A. Redden, Attorney General, Salem.

Gary D. Babcock, Public Defender, Salem, argued the cause and filed a brief for respondent.

HOWELL, J.

## HOWELL, J.

This is a petition for review of a decision of the Court of Appeals which reversed defendant's conviction for arson. Defendant contended that the trial court erred in refusing to give his requested instruction on diminished intent or partial responsibility under ORS 161.305, and the Court of Appeals agreed with that contention. In doing so, the court held that the fact that the statute placed the burden of proving diminished intent on the defendant did not make the statute unconstitutional. 28 Or App 35, 558 P2d 1241 (1977). We granted review in order to consider the constitutionality of the statute.

Defendant Stockett was indicted for arson in the first degree and convicted by a jury of arson in the second degree.[1] The indictment charged him with setting fire to a building in Eugene which was occupied by the Planned Parenthood Association. There was evidence that defendant was despondent and that, while attending a small party at a private home across the street from the Planned Parenthood building, he drank several beers, took a Quaalude pill, and smoked hashish. Several witnesses testified that he was in a very unstable mental and emotional state and that he monopolized the conversation with a prolonged discussion on abortion, contraceptives and the relative merits of burning down the Planned Parenthood building. He felt that the Planned Parenthood Association was responsible for causing his former wife to have an abortion and for encouraging women to use IUD contraceptives which he felt were dangerous. Defendant left when the party broke up but later returned to the house with a can of gasoline. He left again when he was refused admittance, and shortly thereafter the Planned Parenthood building exploded into flames.

Throughout the trial, defendant was uncooperative

---

[1] First degree arson requires damage to "protected property," i.e., that which is customarily occupied by people. ORS 164.305; 164.325.

with his court-appointed attorneys, and he refused to submit to a psychiatric examination on his own behalf. However, there was a substantial amount of lay testimony that defendant was "very agitated," "emotionally upset," or "out of control" both before and after the fire. The state's psychiatrist testified that defendant was a paranoid schizophrenic with grandiose tendencies, but he concluded that the defendant was legally responsible for his conduct.

At trial, the defendant relied upon affirmative defenses of mental disease or defect excluding responsibility and of partial responsibility or diminished intent.[2] The partial responsibility defense is not a complete defense to the crime charged but results in a conviction on a lesser-included offense. An instruction was given on the affirmative defense of mental disease or defect excluding responsibility, but the trial court refused to give the uniform jury instruction on partial responsibility, although both the state and defendant requested it.[3] Apparently, the court felt that ORS

---

[2]The pertinent statutes are:

ORS 161.295: "(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

"(2) As used in chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

ORS 161.300: "Evidence that the actor suffered from a mental disease or defect is admissible whenever it is relevant to the issue of whether he did or did not have the intent which is an element of the crime."

ORS 161.305: "Mental disease or defect excluding responsibility under ORS 161.295 *or partial responsibility under ORS 161.300* is an affirmative defense." (It should be noted that the emphasized language was not in the Criminal Code proposed by the Criminal Law Revision Commission but was added by the Senate by amendment.)

*See* Minutes, Senate Criminal Law and Procedure Committee at 10-12 (Feb. 10, 1971) and at 7 (Feb. 26, 1971).

[3]The requested instruction was as follows:

"Affirmative Defense-Mental Disease or Defect Diminishing Intent

161.300 was simply an evidentiary statute and that the element of intent would be adequately covered in the instructions on second degree arson and reckless burning. The record is ambiguous, but the court may also have concluded that requiring the defendant to affirmatively prove diminished intent under ORS 161.305 was inconsistent with the state's constitutional burden of proving each element of the offense beyond a reasonable doubt.[4] In any event, the trial court gave no instruction at all on the issue of partial responsibility or diminished intent, and the jury found defendant guilty of arson in the second degree.

On appeal to the Court of Appeals, the defendant assigned as error the failure to give his requested instruction on partial responsibility under ORS 161.305.[5] The Court of Appeals concluded that defendant's requested instruction properly stated the law and

"The defense of mental disease or defect diminishing intent has been raised.

"Evidence that the defendant suffered from a mental disease or defect may be considered by you in determining the issue whether defendant did or did not have the intent which is an element of the crime charged.

"(The terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.)

"The defense of mental disease or defect diminishing intent is an affirmative defense which must be proved by the defendant. The defense must be proved by a preponderance of the evidence, that is, by that amount of evidence which, when weighed with that opposed to it, has more convincing force and the greater probability of truth." Uniform Jury Instruction No. 403.02.

[4]The pertinent portion of the discussion was as follows:

"161.305 does refer to partial responsibility as affirmative defense. As I indicated previously, I think, it is not at all inconsistent to talk in terms of the requirement that the State prove beyond a reasonable doubt the intent, and then turn around and instruct the jury that this can be by a preponderance of the evidence, a diminishing intent."

[5]Defendant also assigned as error the admission into evidence of a certain poem he had previously written. However, we are not called upon to consider the admissibility of this evidence because the Court of Appeals decided this issue against the defendant, and he has not petitioned for a review of that decision.

should have been given and also held that ORS 161.305 was not unconstitutional. The court then reversed and remanded this case for a new trial on the grounds that the trial court committed prejudicial error in failing to give defendant's requested instruction. The state then petitioned this court for review, contending that the trial court's failure to give defendant's requested instruction was not prejudicial and, therefore, was not reversible error. We granted review in order to consider the constitutional questions raised by ORS 161.305 and the Court of Appeals decision in light of *Mullaney v. Wilbur,* 421 US 684, 95 S Ct 1881, 44 L Ed 2d 508 (1975).

In determining that ORS 161.305 was not unconstitutional, the Court of Appeals noted that *State v. Dodson,* 25 Or App 859, 551 P2d 484, S Ct *rev. denied* (1976), had held that the first part of ORS 161.305, which requires the defendant to affirmatively prove a mental disease or defect sufficient to completely exclude responsibility, did not violate defendant's due process rights.[6] The court then held that the same reasoning should apply to the affirmative defense of partial responsibility set forth in the second part of ORS 161.350. We disagree with this conclusion.

■ The existence of the required mental state in a specific intent crime is an essential element of the offense charged. Under *Mullaney v. Wilbur, supra,* and *In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970), the state cannot shift the burden on this issue to the defendant. In *Mullaney* the Court held that a murder defendant could not be required to carry

---

[6]In *State v. Dodson,* 25 Or App 859, 551 P2d 484, S Ct rev denied (1976), the Court of Appeals noted that *Leland v. Oregon,* 343 US 790, 72 S Ct 1002, 96 LEd 2d 1302 (1952), found the previous Oregon statute requiring a defendant to prove insanity beyond a reasonable doubt to be consistent with due process. The court in *Dodson* rejected the argument that *In re Winship,* 397 US 358, 90 S Ct 1068, 25 LEd 2d 368 (1970), which established the state's burden of proving guilt beyond a reasonable doubt as a due process right, impliedly overruled *Leland.*

the burden of affirmatively proving heat of passion in order to reduce the crime to manslaughter:

> "Maine law requires a defendant to establish by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce murder to manslaughter. Under this burden of proof a defendant can be given a life sentence when the evidence indicates that it is *as likely as not* that he deserves a significantly lesser sentence. This is an intolerable result in a society where, to paraphrase Mr. Justice Harlan, it is far worse to sentence one guilty only of manslaughter as a murderer than to sentence a murderer for the lesser crime of manslaughter. *In re Winship,* 397 US, at 372, 25 L Ed 2d 368, 90 S Ct 1068 (concurring opinion). We therefore hold that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case. * * *." 421 US at 703-704. (Emphasis in original.)

The Court of Appeals' decision in *State v. Dodson, supra,* dealt only with the issue of defendant's burden of affirmatively proving his insanity by a preponderance of the evidence. As Justice Rehnquist points out in his concurrence in *Mullaney v. Wilbur, supra,* this is an entirely different issue from that of placing the burden on the defendant to negate any of the necessary elements of the offense charged, such as the requisite mens rea:

> "I agree with the Court that *In re Winship,* 397 US 358, 25 L Ed 2d 368, 90 S Ct 1068 (1970), does require that the prosecution prove beyond a reasonable doubt every element which constitutes the crime charged against a defendant. I see no inconsistency between that holding and the holding of *Leland v. Oregon,* 343 US 790, 96 L Ed 1302, 72 S Ct 1002 (1952). In the latter case this Court held that there was no constitutional requirement that the State shoulder the burden of proving the sanity of the defendant.
>
> "The Court noted in *Leland* that the issue of insanity as a defense to a criminal charge was considered by the jury only after it had found that all elements of the

offense, including the mens rea, if any, required by state law, had been proved beyond a reasonable doubt. *Id.,* at 792, 795, 96 L Ed 1302, 72 S Ct 1002. Although as the state court's instructions in *Leland* recognized, id., at 794-795, 96 L Ed 1302, 72 S Ct 1002, evidence relevant to insanity as defined by state law may also be relevant to whether the required mens rea was present, *the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of the crime. For this reason, Oregon's placement of the burden of proof of insanity on Leland, unlike Maine's redefinition of homicide in the instant case, did not effect an unconstitutional shift in the State's traditional burden of proof beyond a reasonable doubt of all necessary elements of the offense."* 421 US at 705-06. (Emphasis added.)

*See also Buzynski v. Oliver,* 538 F2d 6 (1st Cir 1976); *People v. Patterson,* 39 NY2d 288, 347 NE2d 898 (1976), *appeal pending* 45 USLW 3599 (March 1, 1977).

■  As in *Mullaney v. Wilbur, supra,* the issue in this case relates to defendant's mens rea: whether he entertained the requisite mental intent to be guilty of the offense charged. Also as in *Mullaney,* the state, through ORS 161.305, has attempted to shift the burden of proof on this issue to the defendant. The distinction between this situation and that which arose in *State v. Dodson, supra,* may be subtle, but, as Justice Rehnquist pointed out in the passage quoted above, it is nonetheless one of constitutional dimensions. Therefore, we hold that ORS 161.305 is unconstitutional insofar as it places the burden of proving partial responsibility or diminished intent on the defendant.

■  The state contends that if ORS 161.305 is found to be unconstitutional, then the trial court's failure to give defendant's requested instruction was not reversible error. The state argues that defendant's requested instruction was an incorrect statement of the law insofar as it instructed the jury in accordance with the terms of ORS 161.305 which we now hold to be

unconstitutional. The state relies upon the well-established rule that ordinarily it is not reversible error to refuse to give an instruction unless a correct instruction is requested.

It is, of course, ordinarily true that it is not error to refuse to give an instruction that is not a correct statement of the law. *See, e.g., Beglau v. Albertus,* 272 Or 170, 536 P2d 1251 (1975). However, we need not decide whether that general rule should be applied to the peculiar circumstances of this case, because the failure to give an instruction on partial responsibility or diminished intent could not have been prejudicial to this defendant. As the state argues, any error in failing to give an instruction on the issue of partial responsibility was not prejudicial because the court instructed the jury that the state must prove beyond a reasonable doubt all the material elements of the indictment including an intent to injure the property. The court also instructed the jury on the definition of intentionally in the lesser included offense of reckless burning and the effect of alcohol and drugs on the element of intent. Moreover, it is abundantly clear from the testimony both of the defendant himself and of the other witnesses that the defendant specifically intended to burn the Planned Parenthood building and that he was not merely acting recklessly. The only real issue in this case concerned defendant's responsibility for his actions; it is clear his intent was to damage the building of another by starting a fire or causing an explosion. ORS 164.315. The prolonged discussion which took place at the party across the street concerning the relative merits of burning down the building is simply subject to no other reasonable interpretation.

Reversed and remanded to the Court of Appeals with directions to reinstate the judgment entered on the jury's verdict.