Argued May 23, affirmed August 8, reconsideration denied September 14, 1977, petition for review pending

STATE OF OREGON, *Respondent,*

*v.*

HUBERT BRIAN BOOTH, *Appellant.*

(No. 16-673 (75-3968), CA 7261)

567 P2d 559

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant's appeal following his conviction for theft presents the opportunity to reexamine the "partial responsibility" doctrine in Oregon criminal law in the wake of the Supreme Court's decision in *State v. Stockett,* 278 Or 637, 565 P2d 739 (1977).

Two expert witnesses testified about defendant's mental aberrations at the time of the theft. The trial court did instruct the jury on the defense of mental disease or defect excluding responsibility, ORS 161.295. However, contrary to defendant's request, the court did not instruct the jury on the partial responsibility doctrine, ORS 161.300. Defendant's sole contention on appeal is that the trial court erred in failing to instruct on partial responsibility.

I

Partial responsibility was originally a judge-made common law rule. It was based on the rationale that: (1) there is an intermediate position between severe insanity warranting acquittal and total responsibility warranting conviction; (2) since all crimes involve mental elements, relevant evidence should be admissible to prove or disprove their existence; and therefore (3) it is possible that a criminal defendant's evidence would prove that he lacked the mental ability to form the state of mind included within the definition of the crime. The earliest recognition of the rule was in cases holding psychiatric evidence admissible for the purpose of attempting to negate the premeditation element of first degree murder as traditionally defined. A defendant whose evidence was persuasive in such a situation would be convicted of second degree murder. The rule was extended by some courts to reduce second degree murder to manslaughter. And the rule was further extended by a few courts to make psychiatric evidence admissible for the purpose of disproving an intent requisite to any crime. *See generally,* LaFave and Scott, Criminal Law 325-32 (1972); Weihofen and Overholser, *Mental Disorder Affecting the Degree of a*

[ 353 ]

*Crime,* 56 Yale L J 959 (1946-47); Annotation, 22 ALR3d 1228 (1968).

When the Criminal Law Revision Commission began drafting what became the Criminal Code of 1971, the status of partial responsibility as a common law doctrine in Oregon was unclear. *See, State v. Jensen,* 209 Or 239, 289 P2d 687 (1955), 296 P2d 618, *appeal dismissed* 352 US 948 (1956). In any event, the Commission recommended and the Legislative Assembly adopted a partial responsibility rule now stated in ORS 161.300:

> "Evidence that the actor suffered from a mental disease or defect is admissible whenever it is relevant to the issue of whether he did or did not have the intent which is an element of the crime."

The question before the Supreme Court in *State v. Stockett, supra,* was the constitutionality of ORS 161.305 which made the partial responsibility concept an "affirmative defense" which had to be proven by the defendant. The Supreme Court held ORS 161.305 unconstitutional, reasoning: (1) the state has the burden of proving the mental element of any crime; (2) a defendant who introduces evidence of mental disease or defect under ORS 161.300 is merely attempting to prove he lacked the requisite mental element; and therefore (3) the state cannot constitutionally shift the ultimate burden of proof of the mens rea element of the crime to the defendant.

The state here relies on various passages in *Stockett* to argue the partial responsibility doctrine of ORS 161.300 is applicable only to specific intent crimes and then only when there is a lesser-included offense that has some other mental element. While both limitations find some support in the history of the evolution of the common law doctrine, neither limitation is now stated in the Oregon statute.

At one point in *Stockett,* while discussing partial responsibility, the Supreme Court referred to a "specific intent crime." 278 Or at 642. And the legisla-

tive history of ORS 161.300 includes discussion of evidence of partial responsibility negating "specific intent." Proposed Oregon Criminal Code 37, Commentary to § 37 (1970). It is impossible to conclude, however, that ORS 161.300 is limited to "specific intent" crimes for the simple reason that there is no such thing as a "specific intent" crime in Oregon law.

■ Oregon's criminal law recognizes four culpable mental states: "intentionally, knowingly, recklessly or with criminal negligence." ORS 161.085(6). These four terms are defined in ORS 161.085(7) through (10). "Intentionally" has only one meaning:

> " 'Intentionally' or 'with intent,' when used with respect to a result or to conduct described by a statute defining an offense, means that a person acts with a conscious objective to cause the result or to engage in the conduct so described." ORS 161.085(7).

The legislative history explains that these definitions "follow the same rationale as * * * the Model Penal Code." Proposed Oregon Criminal Code 10, Commentary to §§ 7 to 11 (1970). The draftsmen of the Model Penal Code expressly abandoned any "general intent" versus "specific intent" dichotomy:

> "* * * [W]e can see no virtue in preserving the concept of 'general intent,' which has been an abiding source of ambiguity and of confusion in the penal law." Model Penal Code 128, Commentary to § 2.02 (Tent. Draft No. 4, 1955).

ORS 161.300 means what it says: partial responsibility evidence goes to the issue of whether a defendant "did or did not have the intent which is an element of the crime," with "intent" having the single definition stated in ORS 161.085(7). *See, State v. Francis,* 30 Or App 359, 567 P2d 558 (1977).

In *Stockett* the Supreme Court also stated: "The partial responsibility defense is not a complete defense to the crime charged but results in a conviction on a lesser-included offense." 278 Or at 640. As already stated, this concept would find support in the common

law precedents. And the statement may, under ORS 161.300, be a valid generalization. However, we are forced to conclude that the Supreme Court's dicta was not intended to be an interpretation of ORS 161.300.[1]

ORS 161.300 enables a jury to be persuaded by psychiatric evidence that a criminal defendant lacked the capacity to form the intent element of the crime for which he is on trial. There may or may not be a lesser-included offense with a mental element other than intent. However, nothing in ORS 161.300 suggests its applicability depends upon the fortuity of how lesser-included offenses are defined. *Cf., State v. Washington,* 273 Or 829, 543 P2d 1058 (1975). For example, all attempt crimes in Oregon have an element of intent. ORS 161.405. It is doubtful whether many attempt crimes have a lesser-included offense. But this is no basis for interpreting ORS 161.300 to mean that partial-responsibility evidence can negate the intent to kill (because there is a lesser-included offense) but cannot negate the intent to attempt a crime (because there is not a lesser-included offense).

The draftsmen of ORS 161.300 recognized the possibility that it could lead to an outright acquittal; they considered a statute that would have authorized court-ordered institutionalization following this result in a criminal trial.[2] This proposal, however, was

---

[1]Interpreting a former statute somewhat similar to ORS 161.300, the Supreme Court has previously noted that our statutory scheme "distinguishes the Oregon rule from that of other states and from common-law decisions * * *." *State v. Wm. Lester Schleigh,* 210 Or 155, 182, 310 P2d 341 (1957).

[2]

"Professor Platt explained that section 8 was designed to allow the judge a civil commitment procedure to cover a very unusual and exceptional kind of case where the defendant was successful in his defense of partial responsibility and was acquitted. * * *

"* * * In most instances, he said, the charge against the defendant would be reduced to a lesser included offense, but it was possible that an acquittal could result * * *.

"* * * * *

"Senator Yturri asked Judge Burns what he would do today if the

rejected in favor of dealing with such a situation under the civil commitment statutes.

For all of these reasons, we conclude and hold that: (1) ORS 161.300 authorizes any defendant charged with having intentionally done a criminal act, as defined in ORS 161.085(7), to introduce the evidence described in ORS 161.300 and to argue to the jury that he was mentally unable to form the intent which is an element of the crime; (2) this is true for any "intent" crime, there no longer being any "specific intent" concept in Oregon criminal law; and (3) this is true whether the offense for which defendant is being tried does or does not have lesser-included offenses.

## II

The remaining question is whether the trial court must, upon request, instruct the jury on the partial responsibility doctrine. Annotation, 22 ALR3d 1228, 1257-62 (1968), collects the cases holding that specific instructions on partial responsibility are necessary, and the cases holding that general instructions on the

---

situation occurred where a defendant was acquitted because of partial responsibility and the judge was of the opinion that the defendant was suffering from a mental illness. * * *" Minutes, Criminal Law Revision Commission, Subcommittee No. 3, October 31, 1968, pp 8-9.

"Professor Platt admitted that there was a problem which had been recognized in the draft—it would be possible for a defendant to be so convincing with his psychiatric testimony that the jury would acquit him of any crime. * * *

"* * * * *

"* * * Professor Platt also noted that it would be possible that there would be no lesser included offense, that the jury would have to acquit and in which case the judge faced with a person he sees as dangerous could proceed civilly to commit him." Minutes, Criminal Law Revision Commission, January 18, 1969, pp 17, 20.

"Professor Platt explained that section 8 was designed for the rare and exceptional case where, under section 2, the defendant raised the defense of partial responsibility and was so successful that the jury found him not guilty of any crime, including a lesser included offense, and where it clearly appeared, after the evidence was in, that the defendant was mentally deranged or disturbed and would be a danger to society if released. * * *" Minutes, Criminal Law Revision Commission, September 12, 1969, pp 10-11.

elements of the crime are sufficient. It is possible that the Oregon Supreme Court has already adopted the latter position.

> "* * * [A]ny error in failing to give an instruction on the issue of partial responsibility was not prejudicial because the court instructed the jury that the state must prove beyond a reasonable doubt all the material elements of the indictment including an *intent* to injure the property. * * *" *State v. Stockett,* 278 Or at 645. (Emphasis supplied.)

If a complete instruction of the intent element of the offense was sufficient in *Stockett,* it is difficult to imagine why it would not also be sufficient in any other case.

■ We hold that instructions on partial responsibility are not essential for the following reasons: First, as interpreted by the Supreme Court in *Stockett* and explained above, partial responsibility is merely one way for a criminal defendant to confront the state's evidence he intentionally did a criminal act; "intent" is the ultimate issue and an appropriate subject for jury instructions; partial responsibility is just one facet of that ultimate issue and not ordinarily an appropriate separate subject for jury instructions. Second, when, as is usually the case, partial responsibility is raised along with an insanity defense, attempting to explain to jurors distinctions that lawyers and judges find "subtle," *State v. Stockett,* 278 Or at 644, seems unworkable and unrealistic.

Affirmed.