TANZER, J.
Defendant appeals from a conviction of murder. The state’s evidence indicated that defendant murdered a grocery store owner for a fee. The defenses of insanity and partial responsibility were tendered, supported by testimony that defendant had used liquor and drugs to excess and psychiatric evidence as to the effect of such intoxicants upon defendant.
The trial court instructed the jury, pursuant to ORS 161.300 and 161.305,[1] that the defense had the burden of proof of the defense of partial responsibility:
"Now, in this case, as in most criminal cases, the State must prove beyond a reasonable doubt that the defendant intended to commit the crime with which he is charged. However, the defense of mental disease or defect diminishing [sic] intent has also been raised in this case. This defense is an affirmative defense and must be proved by the defendant.
"To establish the defense of mental disease or defect diminishing [sic] intent, the defendant must prove by a preponderancé of the evidence each of the following material elements:
"1, That at the time of the commission of the criminal act, the defendant suffered from a mental disease or defect; and 2, That the mental disease or defect suffered by the defendant directly affected his ability to form the specific intent which is an element of the crime charged.
"If you find that the defendant has proven each of these two elements, then, and only then, you may consider any evidence of mental disease or defect in connection with your determination of whether the defendant did or did not have the specific intent which is the element of the crime charged, that is, intentionally cause the death of another human being.”[2]
*[1252] No defendant’s requested instruction appears in the trial court file, but exception was taken to the placement of the burden of proof upon the defendant by the instruction as given.
Subsequent to trial, the Supreme Court in State v. Stockett, 278 Or 637, 565 P2d 739 (1977), declared ORS 161.305 to be void as offensive to due process insofar as it placed the burden of proof of partial responsibility upon the defendant. The giving of the instruction squarely placed the burden of proof of partial responsibility upon the defendant and was therefore prejudicially erroneous and requires reversal.
The state reads the instruction with uncommon rhetorical precision in its effort to save it. It asserts that the instruction tells the jury only that the defendant is obliged to prove mental disease or defect, a fact peculiarly within the power of the defendant rather than the state to prove, and, once proved, it is to be considered regarding intent without reference to burden of proof. The court had otherwise instructed the jury that the state must prove intent. Our reading of the instruction is not so fine. The thrust of the instruction taken as a whole, beginning with "However, the defense of mental disease or defect diminishing [sic] intent has also been raised in this case. This defense is an affirmative defense and must be proved by the defendant,” is to place the burden of proof of the entire defense upon the defendant. Whether an instruction such as that which the state asserts this to be would be constitutionally valid is an issue for future decision in a case which presents it. We have held, however, in light of Stockett, that an instruction on partial responsibility is no longer appropriate because partial responsibility has become simply a denial of the element of the requisite intent rather than a discrete defense as described by the statutes. State v. Booth, 30 Or App 351, 567 P2d 559, rev pending (1977).
Except possibly for the assignment of a denial of a mistrial based upon events which are not likely to *[1253] happen in a retrial, the remaining assignments of error are not well taken and do not require discussion.
Reversed and remanded for a new trial.

“Evidence that the actor suffered from a mental disease or defect is admissible whenever it is relevant to the issue of whether he did or did not have the intent which is an element of the crime.” ORS 161.300.
"Mental disease or defect excluding responsibility under ORS 161.295 or partial responsibility under ORS 161.300 is an affirmative defense.” ORS 161.305.

The court also gave an unchallenged instruction in the usual terms about the effect of voluntary intoxication upon specific intent, another form of the defense of partial responsibility.