Argued December 21, 1977, reversed and remanded for new trial
March 1, 1978

## STATE OF OREGON, *Respondent,*
### *v.*
## GUSTAF ANDERSON, *Appellant.*
### (No. 76-934-C, CA 7994)

575 P2d 677

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assitant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant appeals his conviction following a jury trial for murder. The issue presented is whether the court's instruction based upon ORS 41.360[1] concerning the presumption of unlawful intent arising from an unlawful act constituted an unconstitutional shifting of the burden of proof on the element of intent from the state to the defendant in violation of the principles of *Mullaney v. Wilbur,* 421 US 684, 95 S Ct 1881, 44 L Ed 2d 508 (1975) and *In Re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970).[2] We conclude that it did.

1. In *In Re Winship, supra,* the United States Supreme Court held that in a criminal prosecution, due process requires that the state prove beyond a reasonable doubt every fact necessary to constitute the crime charged. In *Mullaney v. Wilbur, supra,* the Court applied the *Winship* standard to Maine's homicide statute, which required the defendant to establish by a preponderance of evidence that he acted in the heat of passion on sudden provocation in order to reduce murder to manslaughter, and held it unconstitutional. The import of *Mullaney* and *Winship* is that the state cannot affirmatively shift the burden of ultimate persuasion concerning intent to the defend-

---

[1] ORS 41.360 provides in pertinent part:

"All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:

"* * * * *

"(2) An unlawful act was done with an unlawful intent.

"(3) A person intends the ordinary consequence of his voluntary act.

"* * * * *"

[2] Defendant took exception only to that portion of the instruction which told the jury to presume an unlawful intent from an unlawful act. For the reasons discussed in the opinion it is apparent that both parts of the instruction were in error and should be deleted from any instructions upon re-trial.

ant. Due process requires the state to prove intent beyond a reasonable doubt.

In *State v. Stockett,* 278 Or 637, 565 P2d 739 (1977), the Oregon Supreme Court reviewed ORS 161.305[3] in light of *Mullaney* and held it unconstitutional insofar as it placed the burden of proving partial responsibility or diminished intent on the defendant. The court stated:

> "The existence of the required mental state in a specific intent crime is an essential element of the offense charged. Under *Mullaney v. Wilbur, supra,* and *In Re Winship,* * * * the state cannot shift the burden on this issue to the defendant." 278 Or at 642.

The jury was instructed as follows:

> "A presumption is a deduction which the law expressly directs be made from particular facts. It is to be considered by you along with all of the other evidence. However, *since these presumptions are disputable presumptions, only they may be outweighed or equalled by other evidence, but unless so outweighed or equalled, they are to be accepted by you as true.*
>
> "The following disputable presumptions are applicable in this case:
>
> "* * * * *.
>
> "Third, that a person intends the ordinary consequence of his voluntary act.
>
> "Fourth, that an unlawful act is done with an unlawful intent.
>
> "* * * * *." (Emphasis supplied.)

The italicized language clearly indicates that the burden was placed upon the defendant to overcome by an equivalence or preponderance of evidence the presumption of unlawful intent.

The State urges that this instruction is indistinguishable from that which we upheld in *State v.*

---

[3] ORS 161.305 provides:

"Mental disease or defect excluding responsibility under ORS 161.295 or partial responsibility under ORS 161.300 is an affirmative defense."

*Stilling,* 31 Or App 703, 571 P2d 184 *rev pending* (1977). We disagree. In *Stilling,* a burglary case, the jury was given the following instruction:

> "There is a disputable presumption that a person intends the ordinary consequences of his voluntary acts and that an unlawful act was done with an unlawful intent. *You may infer intent in accordance with this rule.*" 31 Or App at 706. (Emphasis supplied.)

While this instruction was also based upon the presumptions in ORS 41.360, it is significant that the jury was not instructed in the terms of the statute which explain the effect of a disputable presumption, as they were here. Rather, they were instructed only that they "may infer" intent from the commission of an unlawful act. In addition, the remainder of the instructions given with respect to intent and burden of proof were clear. The end result was that the jury was in fact not instructed in a manner so that the burden of proof was shifted to the defendant.

■■ The erroneous instruction was not harmless error. As *Mullaney* makes clear, the element of intent in a homicide case is critical. Here, there was evidence of intoxication and extreme emotional disturbance from which the jury could have concluded that defendant did not possess the requisite intent to commit intentional murder. Contrary to the State's assertion, the instructions, taken as a whole, were not clear on the issues of intent or burden of proof. We cannot say that the error in this case was very unlikely to have changed the results of the trial. *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

Reversed and remanded for a new trial.