Argued March 6, affirmed December 27, 1978

STATE OF OREGON, *Respondent,*
*v.*
HUBERT BRIAN BOOTH, *Petitioner.*
(CA 7261, SC 25617)
588 P2d 614

Robert C. Cannon, Deputy Public Defender, Salem,

argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent.

HOWELL, J.

**HOWELL, J.**

Defendant was charged under ORS 164.055[1] with unlawfully and knowingly committing theft of a ring from a jewelry store. He gave notice of intent to rely on the defense of insanity under ORS 161.295 and partial responsibility under ORS 161.300.[2] The trial court instructed on the insanity defense contained in ORS 161.295. Defendant's request for an instruction on partial responsibility was refused by the trial court. He was convicted and appealed to the Court of Appeals, contending that the court committed reversible error in failing to instruct on the partial responsibility defense. The Court of Appeals affirmed the conviction on the ground that it was not necessary for the trial court to instruct on that defense. *State v. Booth,* 30 Or App 351, 567 P2d 559 (1977). We granted review to determine the availability of the partial responsibility defense in a theft prosecution and to determine whether the trial court has a duty to instruct on partial responsibility.

**I**

ORS 161.300 allows the jury to consider evidence of a defendant's mental disease or defect in determining

---

[1] ORS 164.055 provides in part:

"(1) A person commits the crime of theft in the first degree if, by other than extortion, he commits theft as defined in ORS 164.015; and

"(a) The total value of the property in a single or aggregate transaction is $200 or more; or * * *."

ORS 164.015 provides in part:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof * * *."

[2] ORS 161.295(1) provides:

"A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."

ORS 161.300 provides:

"Evidence that the actor suffered from a mental disease or defect is admissible whenever it is relevant to the issue of whether he did or did not have the intent which is an element of the crime."

"whether he did or did not have the intent which is an element of the crime." The State argues that a "partial responsibility" instruction[3] based on ORS 161.300 is proper only in cases where acquittal of the crime charged will result in conviction of a lesser included offense, and that it was not intended to allow a complete acquittal. The state relies on our opinion in *State v. Stockett,* 278 Or 637, 565 P2d 739 (1977), where we stated that partial responsibility "is not a complete defense to the crime charged but results in a conviction on a lesser-included offense." 278 Or at 640. That statement was correct on the facts involved in *Stockett.* There, the defendant was charged under ORS 164.325 with arson in the first degree. A lesser included offense would be reckless burning under ORS 164.335. Thus, in *Stockett* we were addressing a situation where, if the State failed to prove the intent to damage property because of a partial responsibility defense or any other evidence of lack of intent, it would not result in an acquittal, but, instead, the jury would be instructed on the lesser offense of reckless burning which does not involve the intent element necessary to convict for first degree arson.

In the instant case, we agree with the conclusion of the Court of Appeals that if the State failed to prove the intent element because of defendant's partial responsibility defense, defendant would be acquitted. There is nothing novel about this conclusion, because even prior to the enactment of the partial responsibility defense statute, if the State failed to prove intent in a theft charge for any reason, the defendant would be entitled to an acquittal.

We hold, therefore, that the partial responsibility defense is available whether or not the crime charged includes a lesser offense. If a lesser offense is available, a successful partial responsibility defense may

[3] In *State v. Francis,* 284 Or 621, 588 P2d 611, n.2 decided this day, we noted that the term "partial responsibility" is actually a misnomer. Nevertheless, we will use the term in this opinion, as we did in *Francis,* for purposes of convenience.

[ 618 ]

reduce the crime to the lesser offense. If there is no lesser included offense, a successful partial responsibility defense will result in an acquittal.

## II

The Court of Appeals held that the trial court had no duty to instruct on the partial responsibility defense in this case because: (1) the "defense" of partial responsibility actually is just one method of disproving the "intent" element of the State's case, and instructions to the jury that the State must prove "intent" beyond a reasonable doubt are sufficient to direct the jury's attention to the partial responsibility evidence; and (2) any attempt to explain the "subtle" distinction between partial responsibility and insanity seems unworkable. 30 Or App at 358.

■ In *State v. Francis,* 284 Or 621, 588 P2d 611, decided this day, we noted that ORS 161.300 is an evidentiary statute and does not speak to the issue of jury instructions. Therefore, the propriety of an instruction based on ORS 161.300 is a matter for this court to decide in light of general principles governing jury instruction.

■ We agree with the Court of Appeals that this case is controlled by our decision in *State v. Stockett, supra.* In *Stockett* we held:

> "* * * [A]ny error in failing to give an instruction on the issue of partial responsibility was not prejudicial because the court instructed the jury that the state must prove beyond a reasonable doubt all the material elements of the indictment including an intent to injure the property. * * *" 278 Or at 645.

In the present case, as in *Stockett,* the trial court instructed the jury that the State had the burden of proving all the material allegations of the complaint, including intent, beyond a reasonable doubt. Because the partial responsibility theory is merely one method of rebutting the State's allegation of intent, the theory is adequately covered by general instructions on the

State's burden of proof. Consequently, the failure to instruct on partial responsibility could not have been prejudicial.[4] As a general rule, trial courts need not give instructions that highlight particular evidence or testimony. *State v. Newlin,* 92 Or 589, 182 P 133 (1919).

In holding that it is not reversible error to refuse a partial responsibility instruction, however, we do not mean to imply that such instructions are improper. We merely hold that refusal of such an instruction is not reversible error, since it cannot be considered prejudicial. *Cf., State v. Lakeside,* 277 Or 569, 561 P2d 612 (1977), *aff'd* 435 US 333, 98 SC 1091, 55 L Ed 2d 319 (1978).

Affirmed.

---

[4] Even if we were to hold that a partial responsibility instruction should have been given in this case, the trial court was entitled to reject the instruction requested by defendant Booth. Defendant's requested instruction reads:

"The defendant in this case has offered evidence of a mental disease or defect. If you find he did not lack substantial responsibility at the time of the crime, you may find that he lacked partial responsibility insofar as his ability to form the required intent for the crime. If you find that the state has failed to prove beyond a reasonable doubt that the defendant had the required intent for the crime charged, you should find him not guilty by reason of lack of criminal responsibility."

This instruction is ambiguous in its definition of partial responsibility and misstates the form of verdict. *See* ORS 161.319. The instruction also refers to "substantial responsibility," a term not found in any relevant statute.