## ROBERT ALAN ARMSTRONG,
*Appellant,*

*v.*

## CUPP,
*Respondent.*

(133,840; CA A31124)

685 P2d 1029

Michael E. Swaim, Salem, argued the cause for appellant. With him on the brief was Swaim & Betterton, Salem.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Lynn Torno, Certified Law Student, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

PER CURIAM

## PER CURIAM

In this post-conviction proceeding, petitioner argues that his conviction for felony murder should be reversed, and the case remanded for retrial, on the ground of ineffective assistance of counsel. We affirm the trial court's denial of relief. On both of defendant's theories, case law establishes that, had counsel acted as petitioner now argues that he should have, petitioner would have lost: (1) On his theory that counsel should have excepted to a jury instruction, defendant argues that the instruction was contrary to *State v. Stockett,* 278 Or 637, 565 P2d 730 (1977). Assuming that to be true, the instruction was not contrary to *Patterson v. New York,* 432 US 197, 97 S Ct 2319, 53 L Ed 2d 281 (1977), which opinion supplants *Stockett* as binding precedent on the issue in question. *See State v. Lyon,* 65 Or App 790, 672 P2d 1358 (1983). (2) On defendant's theory that it denies him equal protection statutorily to bar him from recourse to the defense of "extreme emotional disturbance," as an accused felony-murderer, while accused intentional murderers may utilize the defense, *State v. Reams,* 47 Or App 907, 616 P2d 498 (1980), is in point and controlling against him.

Affirmed.