Argued September 7, affirmed November 22, 1967

# STATE OF OREGON, *Respondent, v.*
# NORMAN STEWART THOMAS,
### *Appellant.*

433 P. 2d 814

*Charles A. Telfer,* Grants Pass, argued the cause and filed briefs for appellant.

*R. M. Burrows,* Deputy District Attorney, Grants Pass, argued the cause for respondent. With him on the brief was Michael S. Killoran, District Attorney, Grants Pass.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## GOODWIN, J.

Norman Thomas was tried for first-degree murder in 1963 and was convicted of manslaughter. The facts of the case are reported in *State v. Thomas,* 240 Or 181, 400 P2d 549 (1965), wherein the judgment was affirmed. He now appeals a judgment denying relief in supplemental proceedings.

After Thomas had been convicted in Josephine County, but before his appeal was decided in this court, we decided *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964). The *Brewton* case adopted for this state the procedure suggested in *Jackson v. Denno,* 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908, 1 ALR3d 1205 (1964), whereby the voluntariness of a confession can be tried before the judge out of the presence of the jury and a finding of voluntariness made preliminary to any offer of the confession in evidence. In the original Thomas trial, that procedure, not yet having been made mandatory, had not been followed.

Thomas did not make the failure to have a "Brewton"-type hearing an issue upon appeal. He raised that issue in collateral proceedings in federal court.

In 1966, Thomas brought habeas corpus in the United States District Court for the District of Oregon. After hearing his petition, the United States District Court ordered the state to afford Thomas a *de novo* hearing upon the sole question of the voluntariness of two incriminating written statements which he gave the police in 1963 and which had been used against him in his original state prosecution. Such a hearing was had in due course in the convicting court. The trial court sitting without a jury made comprehensive findings on the issue of voluntariness. The trial court held that Thomas voluntarily made the challenged statements.

The trial court correctly found that the statements were voluntarily made insofar as pre-*Escobedo*[1] voluntariness is concerned. However, these findings are now challenged as insufficient upon the ground that current federal standards of voluntariness require the court to consider the effect upon voluntariness of the failure of the police to give the required warnings.[2]

Thomas now renews[3] his questions about the failure of the police to advise him of his *Escobedo-Miranda* rights. The state, in resisting this appeal, does not contend that Thomas was advised as required.[4] The state contends, however, that this is not

[1] Escobedo v. Illinois, 378 US 478, 84 S Ct 1758, 12 L Ed 2d 977 (1964).

[2] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966), outlines in some detail the duties of the police in respect to in-custody interrogation.

[3] In State v. Thomas, 240 Or 181, 189, we held that the failure of the police to warn the defendant was not prejudicial.

[4] State v. Neely, 239 Or 487, 395 P2d 557, 398 P2d 482 (1965), adopts in substance the *Escobedo-Miranda* rules, but *Neely* had not been decided at the time of the interrogation in this case.

a proper case in which to deviate from the normal rule of *res judicata*.

■ The state points out that the United States Supreme Court has not required the states to employ the *Escobedo-Miranda* rules retroactively. *Johnson v. New Jersey*, 384 US 719, 86 S Ct 1772, 16 L Ed 2d 882 (1966). However, even though *Escobedo* and *Miranda* are not literally retroactive, it is clear from *Davis v. North Carolina*, 384 US 737, 86 S Ct 1761, 16 L Ed 2d 895 (1966), that voluntariness standards derived from those decisions are relevant in state courts when they make findings upon the issue of voluntariness.

Thomas was convicted of manslaughter. That judgment was appealed, was affirmed, and became final. On the direct appeal, because the verdict in effect had acquitted Thomas of all degrees of murder, we held that whether or not the police gave the required warnings there was no prejudicial error resulting from the receipt in evidence of the challenged statements. Since by his own testimony Thomas was at least a principal in the crime of manslaughter, we did not deem the case a proper one in which to require a new trial because the warnings had not been given as required by subsequent decisions. That decision is now final insofar as this court is concerned.

Thomas seeks, by the device of an appeal from the findings of fact made in a hearing limited to a question of voluntariness, to relitigate all the points made in his original appeal. He does not show how the failure of the police to warn him resulted in prejudice. In view of the fact that the jury acquitted him of murder, it is difficult to see how he can claim prejudice.

■■ The doctrine of *res judicata* may no longer be

an ironclad rule when constitutional issues are tendered, but the concept is still useful as a conclusion to litigation. When, as in this case, there is no showing of prejudice or injustice in adhering to the concept of *res judicata,* we should not permit the relitigation of matters once decided.

Affirmed.