Argued May 13, affirmed July 16, 1969

JAMES NORMAN JENSEN, *Appellant, v.*
GLADDEN, *Respondent.*

456 P2d 487

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause. With him on the brief was Gary Babcock, Public Defender, Salem.

*Deane S. Bennett,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General, and Helen B. Kalil, Assistant Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE* and HOLMAN, Justices.

SLOAN, J.

In this post-conviction proceeding Jensen alleged that his original conviction of first degree murder should be set aside because confessions admitted in evidence were not voluntary; a change of venue should have been allowed; that he was prejudiced by pre-trial publicity and his defense counsel had not properly represented him. The charges against defense counsel concern remarks made to the jury as a part of the opening statement and for his failure to ask for sequestration of the jury. Each allegation, except the one relative to the confessions, was disposed of by the original appeal to this court, *State v. Jensen,* 1957, 209 Or 239, 289 P2d 687, 296 P2d 618, and is *res judicata* of the present case, ORS 138.550(2). *Howell v. Gladden,* 1967, 247 Or 138, 427 P2d 978. The record in the post conviction hearing refutes the specific charges against counsel.

■ For the purpose of the present decision it is unnecessary to detail the conflicting evidence received by the post-conviction court relative to the statements made by Jensen to police officers after his arrest for the murder. The record includes the transcript of the original trial. It is evident that following his arrest Jensen was detained without outside advice or counsel for an appreciable period of time and that he was questioned for several hours at a time. The evidence is conflicting as to the food and rest he was given dur-

---

* Denecke, J., did not participate in the decision of this case.

ing the period of questioning. Jensen's testimony at the post-conviction hearing, if fully believed, would cast doubt on the legal voluntariness of the confessions. However, some of his testimony is made unbelievable by the record made at the original trial and by other evidence given at the post-conviction hearing There is, therefore, sufficient evidence of historical fact to sustain the post-conviction trial court's finding of voluntariness. *Ball v. Gladden,* 1968, 250 Or 485, 443 P2d 621.

■ Aside from that, however, there is no doubt that there was a knowing, intended waiver of any objection to the voluntariness of the confessions at the original trial. It is well to mention here that part of the statements Jensen had made to the officers were recorded on tape, part were recorded in writing. The tape recorded conversations between Jensen and officers were susceptible of creating some doubt that the officers were being fair to Jensen. At the original trial, defendant's counsel had specifically consented to the playing of the tapes to the jury. Defense counsel, who testified at the post-conviction hearing, said that this was done for the purpose of attempting to elicit jury sympathy for Jensen. Defense counsel's testimony at the post-conviction hearing explains with ample reason, as follows, why he did not object to the voluntariness of the confessions.

At the criminal trial the only defense was insanity, and the probable success of this defense was a forlorn hope. Defense counsel's greatest concern was to save Jensen from the death penalty. It was a part of his defense strategy that Jensen should take the stand. He felt this was necessary to endeavor to show the jury that Jensen was a human being and that Jensen's

demeanor might appeal to the jury. Counsel also recognized that Jensen's testimony would not materially vary from the statements made in the confessions. It was a calculated choice of the best way to save Jensen's life. It should be remembered that Jensen was charged with a particularly heinous murder. Counsel was faced with the difficult task of portraying to the jury that Jensen was not the animal that the nature of the crime suggested.

This was the strategy of the case, and had to be. Consequently, defense counsel permitted the introduction of the statements Jensen had made to the officers for that purpose. It was hoped that the entire picture would lessen the impact of what Jensen had done. It was a valid exercise of strategy. It was not, in the slightest degree, the result of incompetence or neglect of counsel. We have adhered to the rule that an intended, understanding waiver can be made. *Schildan v. Gladden*, 1967, 246 Or 326, 424 P2d 240. The most critical application of *Henry v. Mississippi*, 1965, 379 US 443, 85 S Ct 564, 13 L ed2d 408, would not foreclose a holding that there was a valid waiver in the instant case.

There is a further reason for affirming this case. Following the post-conviction hearing the court made a finding that the original trial court had made a finding of voluntariness in compliance with the later decided cases of *Jackson v. Denno*, 1964, 378 US 368, 84 S Ct 1774, 12 L ed2d 908, 1 ALR3d 1205, and *State v. Brewton*, 1964, 238 Or 590, 395 P2d 874. The record supports this finding. There is substantial evidence in the record made before the trial court in the original trial that the court did use the Massachusetts rule (*State v. Brewton*, 238 Or at 601), to test

the voluntariness of the confessions even though *Jackson v. Denno, supra,* had not then been decided.

For the reasons stated we are satisfied that the trial court properly denied the petition and the judgment is affirmed.