Argued July 28, reversed and remanded September 18, 1972

NUNN, *Appellant, v.* CUPP (No. 73759), *Respondent.*

500 P2d 1237

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Robert L. Misner, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C.J.

In this post-conviction proceeding petitioner alleges it was error to admit his confession into evidence in his 1956 murder trial because (1) as a procedural matter the admissibility of the confession was not determined under the proper standard, and (2) as a substantive matter his confession was not voluntary. The lower court decided these contentions adversely to petitioner and he has appealed.

During petitioner's 1956 trial the state offered both a confession petitioner had personally written shortly after his arrest in California and an oral confession petitioner had made to police officers while being driven back to Oregon the next day. The trial judge ruled that the written confession was inadmissible, but that the oral confession was admissible.

On direct appeal from the resulting conviction petitioner argued it was error to admit his oral confession. The Supreme Court, noting both confessions should stand or fall together, held that both confessions should have been admitted under the procedures and standards that were applicable as of that date. *State v. Nunn*, 212 Or 546, 321 P2d 356 (1958).

■ The procedure and standard then used in Oregon left the question of the voluntariness of a confession to the jury.

"* * * [I]t has been settled that the province of the trial judge is not to determine finally whether the confession was voluntary or not, but merely whether a prima facie showing has been made to warrant a finding that it was voluntary, in order to become admissible. Then, if it is admitted, the ultimate question of voluntariness is submitted to the jury as a part of their determination of the

weight to be given to it. [Citations omitted.]" 212 Or at 554.

In making such a prima facie determination it was permissible for the trial judge to hear only part of the evidence bearing on the voluntariness question. *See, State v. Allen,* 239 Or 524, 528, 398 P2d 477 (1965). And the trial judge was not expected to resolve conflicts in the evidence concerning voluntariness. *State v. Brewton,* 238 Or 590, 599, 395 P2d 874 (1964).

In *Jackson v. Denno,* 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908 (1964), the United States Supreme Court held the procedures and standards used in Oregon at the time of petitioner's trial to be unconstitutional. The court concluded that due process requires a prior, separate and independent determination of the voluntariness of a confession before it is submitted to a jury. Whether this independent determination should be made by the trial judge, another judge or another jury was left to the individual states.

In *State v. Brewton,* supra, the Oregon Supreme Court implemented the requirements of *Jackson v. Denno,* supra, by holding that the independent determination of the voluntariness of a confession should be made by the trial judge out of the presence of the jury. Under *Brewton,* before a confession can be admitted the trial judge must consider all the evidence relevant to the voluntariness question, resolve any conflicts in the evidence thereon, and determine that the confession was, in fact, voluntary.

It is apparent that the standards employed in determining the admissibility of a confession are substantially different in the post-*Brewton* era (judge must determine confession was voluntary) than in the

pre-*Brewton* era when petitioner was tried (judge need only determine confession was prima facie voluntary). Whether any error was committed in petitioner's 1956 trial first presents the question of whether *Jackson v. Denno, supra,* and *State v. Brewton, supra,* are to be applied retroactively.

On several occasions the United States Supreme Court has either assumed or stated that *Jackson v. Denno, supra,* is retroactive. *See, McMann v. Richardson,* 397 US 759, 90 S Ct 1441, 25 L Ed 2d 763 (1970); *Gerberding v. Tahash,* 387 US 91, 87 S Ct 1506, 18 L Ed 2d 588 (1967), *rev'g State ex rel Gerberding v. Tahash,* 275 Minn 195, 146 NW2d 541 (1966); *Johnson v. New Jersey,* 384 US 719, 727-28, 86 S Ct 1772, 16 L Ed 2d 882, *reh den* 385 US 890 (1966); *Tehan v. Shott,* 382 US 406, 416, 86 S Ct 459, 15 L Ed 2d 453, *reh den* 383 US 931 (1966); *Linkletter v. Walker,* 381 US 618, 639 and n 20, 85 S Ct 1731, 14 L Ed 2d 601 (1965). Since *State v. Brewton, supra,* is an implementation of *Jackson v. Denno, supra,* it follows that *Brewton* is also retroactive.

This reasoning leads to the conclusion that during petitioner's 1956 trial the court used an improper standard in determining the admissibility of petitioner's confession.

■ However, both *Jackson v. Denno, supra,* and *State v. Brewton, supra,* recognize that it is unnecessary to order a new trial merely because an improper procedure was followed in determining the voluntariness of a confession, if the confession was in fact voluntary and therefore properly submitted to the jury. In a case of this type it is appropriate that the post-conviction court hear evidence on the voluntariness of the confession. *See, State v. Thomas,* 248 Or 283, 433

P2d 814 (1967). If the post-conviction court determines the confession was in fact voluntary the error committed in the original trial was harmless. If the post-conviction court finds that the confession was not voluntary,

> "* * * it shall make an appropriate finding and enter an order allowing the state a reasonable time in which to elect to again try the defendant * * * or to release him from custody." *State v. Brewton,* supra, 238 Or at 604.

■ No such evidentiary hearing was held in the post-conviction court in this case. Instead, both petitioner and the state argued that the voluntariness of the confessions had been finally determined in the earlier criminal proceedings—the petitioner arguing the confessions had been found to be involuntary by the trial judge and the state arguing they had been found to be voluntary by the Supreme Court. The post-conviction court adopted the state's theory, and concluded the prior determination of voluntariness in petitioner's appeal, *State v. Nunn,* supra, was res judicata.

We do not agree that the Supreme Court in petitioner's direct appeal decided that his confessions were in fact voluntary. The court stated its conclusion in language consistent with the legal standard applicable as of that date:

> "Under all the circumstances, we think that the state satisfied the burden of making a prima facie showing that the written confession was voluntary; that it should have been admitted in evidence; and that the jury should have passed upon the ultimate question of whether or not it was in fact voluntary. Since that was true of the written confession, it was at least equally true of the oral confession which was admitted, and no error was committed

in receiving the oral confession in evidence." *State v. Nunn,* supra, 212 Or at 564.

■ In general, an issue raised and considered in a direct criminal appeal cannot subsequently be raised again in post-conviction proceedings. *See, Jensen v. Gladden,* 253 Or 649, 456 P2d 487 (1969). But this is not the general case. Here the issues concerning petitioner's confession raised in his direct appeal were judged by the law in effect at that time. However, since petitioner's appeal was decided the law has been changed by *Jackson v. Denno,* supra, and *State v. Brewton,* supra, and we have determined the new rules must be applied retroactively. In this situation it is not correct to regard the result in petitioner's appeal, in which one set of rules were applied, to be binding in this post-conviction proceeding, in which new and different rules must be applied.

■ We also reject petitioner's contention that the trial judge in his 1956 trial made a determination of the question of voluntariness that is now binding in this proceeding. Petitioner states this contention in the following terms:

"* * * The Supreme Court [in State v. Nunn, supra] held the trial court erred in admitting the oral confession because there was nothing in the record to show sufficient passage of time to remove the taint from the written confession and therefore if the written was bad so was the oral one * * *." App Br pp 2-3.

We disagree with this analysis for several reasons. First, it misreads *State v. Nunn,* supra; the Supreme Court did not hold that it was error to admit the oral confession, but rather that it was error under 1956 standards to not also admit the written confes-

sion. Second, we have some trouble comprehending petitioner's request that res judicata effect be given to the trial judge's rulings on the admissibility of the confessions since he admitted the oral confession; either both of the rulings on admissibility would now be binding or neither of them would, and it thus seems anomalous for petitioner to attempt to pick and choose the rulings of that trial judge that he would now have us regard as conclusive. While current constitutional standards are somewhat different from those applied at the time of petitioner's trial, it remains that both the written and oral confessions are admissible or neither is.

Third, as we read *State v. Nunn,* supra, whatever conclusions the trial judge reached that would now support petitioner's position were reversed by the Supreme Court. It may well be, as petitioner seems to contend, that the trial judge in 1956 anticipated the holdings of *Jackson v. Denno,* supra, and *State v. Brewton,* supra; however, since his rulings were reversed by the Supreme Court, conceptually we think petitioner's effort to have them given res judicata effect is without merit.

Fourth, and most important, we think both petitioner and the state are entitled to a hearing on the voluntariness of a confession at which the attorneys and the judge all know what standard is being applied —the factual voluntariness standard of *Jackson v. Denno,* supra, and *State v. Brewton,* supra.

Reversed and remanded for further proceedings in accordance with this opinion.