Argued and submitted September 12, affirmed December 31, 1979, reconsideration denied February 26, petition for review denied April 15, 1980 (289 Or 45)

# ANDREW WALTER PETTIBONE,
*Appellant,*

*v.*

# CUPP,
*Respondent.*

## (No. 108008, CA 14238)

607 P2d 742

Jay R. Jackson, Salem, argued the cause and filed the brief for appellant.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

This is an appeal from a judgment denying post-conviction relief. Petitioner had been convicted of murder. On direct appeal, his conviction was affirmed. *State v. Pettibone,* 30 Or App 1054, 569 P2d 1093 (1977), *rev den* 281 Or 99 (1978). He sought post-conviction relief on the ground that the jury was erroneously instructed concerning the burden of proof on mental disease or defect excluding responsibility and on partial responsibility or diminished intent. He did not raise those issues on direct appeal.

Petitioner claims that the instruction unconstitutionally shifted the burden of proof from the state and therefore was violative of due process. The state concedes that the instruction was erroneous, but maintains that it was harmless error because there was no evidence at trial regarding petitioner's ability to form the requisite criminal intent and that the challenged instruction could not have affected the jury's deliberations. The post-conviction court found that the jury instruction was erroneous but concluded that "there is little likelihood that this obvious error would have changed the result of the trial."

The types of error which can afford post-conviction relief are covered by ORS 138.530. ORS 138.530(1)(a) provides:

"Post-conviction relief *** shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

The jury was instructed pursuant to ORS 161.305, which required that the defendant affirmatively prove

a mental disease or defect excluding responsibility or partial responsibility:[1]

"Also, the defense of mental disease or defect diminishing intent has been raised. Evidence that the Defendant suffered from a mental disease or defect may be considered by you in determining the issue of whether the Defendant did or did not have the intent which is an element of the crime or crimes charged. Again, mental disease or defect does not include an abnormality manifested only by repeated criminal or antisocial conduct. The defense of mental disease or defect diminishing intent is an affirmative defense which must be proved by the Defendant. The defense must be proved by a preponderance of the evidence; that is, that amount of evidence which, when weighed with the evidence opposed to it, has more convincing force and a greater probability of truth."

Subsequent to the trial ORS 161.305 was declared unconstitutional in *State v. Stockett,* 278 Or 637, 565 P2d 739 (1977). Relying principally on *Mullaney v. Wilbur,* 421 US 684, 95 S Ct 1881, 44 L Ed 2d 508 (1975), and *In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970), the court concluded that ORS 161.305 was unconstitutional under the Due Process Clause of the 14th Amendment insofar as it placed the burden of proving partial responsibility or diminished intent on the defendant. In *State v. Booth,* 30 Or App 351, 354, 567 P2d 559 (1977), *aff'd* 284 Or 615, 588 P2d 614 (1978), we capsulized the reasoning:

"*** (1) [T]he state has the burden of proving the mental element of any crime; (2) a defendant who introduces evidence of mental disease or defect under ORS 161.300 is merely attempting to prove he lacked the requisite mental element; and therefore (3) the state cannot constitutionally shift the ultimate burden of proof of the mens rea element of the crime to the defendant."

---

[1]

"Mental disease or defect excluding responsibility under ORS 161.295 or partial responsibility under ORS 161.300 is an affirmative defense." ORS 161.305.

Petitioner urges that his conviction be reversed in light of *State v. Stockett, supra.* However, he did not assert that on direct appeal. ORS 138.550(2) provides that when a defendant does seek and obtain direct appellate review no ground for post-conviction relief may be asserted "unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

Petitioner was sentenced on January 31, 1977. The appeal was argued on September 21, 1977, and we affirmed his conviction on September 26, 1977.[2] *State v. Stockett, supra,* in which ORS 161.305 was declared unconstitutional, was issued on June 21, 1977, three months prior to his direct appeal argument. Under these circumstances, we conclude that petitioner could reasonably have raised the *Stockett* issue on direct appeal as constitutional error.

In *Lerch v. Cupp,* 9 Or App 508, 515, 497 P2d 379, *rev den* (1972), we recognized that ORS 138.550 "should not be construed as an inflexible standard meant to be used as a procedural bludgeon to preclude the curing of 'defects of such magnitude as to render the conviction and imprisonment thereon unconstitutional'."*See* Collins and Neil, *The Oregon Post-conviction-Hearing Act,* 39 Or L Rev 337, 357 (1960). While petitioner has now asserted, as in *Lerch,* an infringement of rights of constitutional dimension, the facts alleged are insufficient to establish a "substantial denial" of constitutional rights. ORS 138.530(1)(a). He failed to allege facts in his petition sufficient to demonstrate that his claim is based on a new constitutional principle that had not been recognized at the time of his direct appeal and that he could not reasonably have asserted it in direct appellate relief. *Cain v. Gladden,* 247 Or 462, 430 P2d 1015 (1967).

Affirmed.

---

[2] Appellant petitioned the Supreme Court for review, and it was denied. 281 Or 99 (1978).