Argued and submitted August 27, affirmed December 8, 1980,
reconsideration denied January 15,
petition for review denied February 18, 1981 (290 Or 491)

## ROBERT MYERS,
*Appellant,*

*v.*

## CUPP,
*Respondent,*

### (No. 110,912, CA 17098)

621 P2d 579

Michael F. Najewicz, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this post-conviction proceeding, petitioner alleges that his constitutional rights to due process and equal protection were denied because he was improperly convicted and sentenced on multiple charges arising out of what he maintains was the same criminal episode. In addition, he argues that the convictions and sentences imposed were not authorized by law. As a second claim he contends that he was denied the effective assistance of counsel at his trial in 1978. The trial court found against petitioner, and he appeals. We conclude that the first matter is not properly before us, and affirm the trial court's findings with respect to the claim of inadequate representation of counsel.

In 1977, the petitioner was charged, in two separate indictments, with eight counts of criminal behavior. The first indictment charged the petitioner with two counts of robbery in the first degree and one count of burglary in the first degree. In the second indictment he was charged with kidnapping in the first degree, unauthorized use of a motor vehicle, burglary in the second degree, robbery in the first degree and criminal conspiracy to commit kidnapping. He was tried and convicted by a jury on all eight counts, with the exception that the charge of burglary in the second degree was reduced to criminal trespass in the second degree. The trial judge entered separate judgments of conviction on each of the indictments. On the first indictment, petitioner was sentenced to two concurrent 20 year terms on the two robbery counts. The burglary count was "merged" with the robbery counts for the purpose of sentencing. On the second indictment the court sentenced the defendant to 10 years on the kidnapping charge, three years on the unauthorized use of a vehicle charge, a sentence not to exceed the time served since arrest on the charge of criminal trespass, and twenty years on the robbery charge. The count of conspiracy to commit kidnapping was "merged" with the kidnapping count for purposes of sentencing. All sentences resulting from both indictments were ordered to run concurrently.

All eight charges arose from the same incident: In the early morning hours of November 29, 1977, petitioner and another man entered a private dwelling. At the time

the owners of the dwelling, a husband and wife, were at home. The men proceeded to rob the couple and then one of the men drove with the wife to a store owned by the couple in the couple's pickup. The husband was held hostage at home by the other man. After robbing the store, the robber and the wife returned to the couple's home, and both men left in the pickup.

Petitioner contends that it was error for the trial court to convict and sentence him on both:

(1)  The first degree burglary charge and the two robbery charges, for entering a dwelling and robbing the two victims inside the dwelling;

(2)  The criminal trespass charge and the charge of robbery, for entering the store and robbing that store;

(3)  The kidnapping charge and the charge of unauthorized use of the vehicle, which was, according to the petitioner, an integral part of the kidnapping;

(4)  The conspiracy to commit kidnapping and kidnapping; and

(5)  Robberies of the same victim, *viz.,* the robbery of the wife in her home and at the store.

The state disputes each of these claims except the second. Initially, however, the state argues that these matters either have already been raised and decided on direct appeal or could have been so raised and decided and, thus, cannot be asserted again in a post-conviction proceeding.

Petitioner filed a direct appeal from both judgments of conviction. In a consolidated appeal, this court affirmed the decision of the trial court without opinion. *State v. Myers,* 37 Or App 397, 588 P2d 688 (1978). On that appeal, the petitioner asserted a number of assignments of error. Among them was the claim that the trial court erred in failing to "merge" for purposes of conviction and sentencing the charges of robbery, kidnapping and unauthorized use of a vehicle. No other "merger"[1] challenges were asserted at that time.

---

[1] The Supreme Court has pointed out that the term merger is "best reserved for the narrow situation when completion of one offense necessarily includes acts sufficient to constitute violation of another statute." *State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979). Our usage here does not strictly comport with *Cloutier,* but it avoids an unnecessary and wordy description of the issues.

ORS 138.550(2) provides that:

"(2) When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted by petitioner in a petition for [post-conviction] relief under ORS 138.510 to 138.680 *unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding.* If petitioner was not represented by counsel in the direct appellate review proceeding, due to his lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section." (Emphasis supplied.) *Accord Nunn v. Cupp,* 10 Or App 528, 534, 500 P2d 1237 (1972); *Jensen v. Gladden,* 253 Or 649, 650, 456 P2d 487 (1969).

In his petition for relief, petitioner claims that most of the issues he now raises could not reasonably have been asserted on direct appellate review. He does not set forth any reasons why this is so. Neither does he now explain why the one contention, *viz.,* the "merger" of the kidnapping and unauthorized use of a vehicle charges, which was raised and decided on direct appeal, should be reconsidered.

■■ Although he has not articulated it, there is, nevertheless, one arguable basis for considering petitioner's claim. This court has stated that, where a new constitutional principle is recognized between the time of a petitioner's direct appeal and his petition for post-conviction relief and where he could not have reasonably asserted his claim based on this principle on appeal, it will subsequently be considered on a petition for post-conviction relief. To be entitled to relief, the petitioner must assert a "substantial denial" of constitutional rights. *Pettibone v. Cupp,* 43 Or App 955, 959, 607 P2d 742 (1979), *rev den* 289 Or 451 (1980); *Lerch v. Cupp,* 9 Or App 508, 497 P2d 379 (1972), *rev den* (1972). *See also Haynes v. Cupp,* 253 Or 566, 456 P2d 490 (1969); *Cain v. Gladden,* 247 Or 462, 430 P2d 1015 (1967). In *Nunn v. Cupp, supra,* 10 Or App at 534, we held that an exception to the general rule that an issue raised and considered on direct appeal cannot be reconsidered in a

post-conviction proceeding applies where the law with respect to that issue has changed since the time of appeal and that new law is to be applied retroactively. Although we did not expressly limit our ruling in that case to constitutional questions, the claim in question there was of constitutional dimensions.

We turn to a brief examination of the nature of petitioner's claims. At the time of petitioner's appeal, the law of merger was governed, in part, by our decisions in *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), and *State v. Cloutier,* 33 Or App 121, 575 P2d 996 (1978). Those cases were in some respect factually similar to petitioner's.[2] Review in *Dinkel* was pending at the time of petitioner's appeal, and review in *Cloutier* had already been accepted. Petitioner recognized the significance of *Dinkel* in his brief on direct appeal:

> "Defendant acknowledges as he must that a similar contention was rejected by this court in a similar case, *State v. Dinkel* * * *. However, defendant raises the point in order that it might be preserved in the event of Supreme Court review and reversal on the merger issue."

In *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979), the Supreme Court overruled our decision in *Cloutier* and, implicitly, rejected our later decision in *State v. Dinkel,* which relied on *Cloutier* in part. The court's decision was not limited to the facts before it, but attempted to set out basic principles that would serve as a guide in future merger cases. *State v. Cloutier, supra,* 286 Or at 597-599. If we were to consider the petitioner's claims at this time, we would be bound by *Cloutier* and the decisions since applying the principles developed therein.

---

[2] In *State v. Cloutier, supra,* we held that a charge of burglary in the first degree did not merge with an attempted theft in the second degree for purposes of conviction and sentencing. The charges related to the entering of a dwelling and attempted theft in the same dwelling. In *State v. Dinkel, supra,* we declined to hold that a burglary conviction should merge into a robbery conviction, that five kidnapping convictions should merge into one, that the kidnapping convictions should merge with one for first degree robbery, and that a conviction of unauthorized use of a motor vehicle should merge with the robbery conviction. In that case, the defendant broke into the victim's house and tied and gagged his family while he drove the victim to a store the victim owned in the victim's car. He then robbed the store.

Petitioner frames his claim for relief in the present case in constitutional terms. However, he fails to allege any facts in his petition which demonstrate that his claim is based on a new *constitutional* principle.[3] And, even if new *constitutional* law were established in *Cloutier,* that new law would still have to be found to be retroactive. However, *Cloutier* is, in fact, a decision concerning statutory construction. It enunciates no new constitutional principle.

■ In view of the above, we conclude that petitioner's claims are not properly before us. Petitioner could have raised all his claims on direct appeal. In the event that they were denied—as one in fact was—he could have then appealed our decision to the Supreme Court. This option should have been particularly clear in light of the pendency of review in *State v. Cloutier* at the time petitioner filed his appellant's brief on direct appeal. While we recognize the possible merit in some of petitioner's claims, we note that this is not a case where there is a substantial denial of *constitutional* rights. Petitioner's claims are actually statutory. He is asking us to consider his contentions because he failed to raise them on direct appeal and/or because our prior decisions in this area were wrong, not because of the development of some new constitutional principle.

We turn now to petitioner's second claim, which is properly before us. Petitioner claims that he was denied effective representation of counsel in that his attorney failed to prepare adequately for his trial.[4] At his trial, the petitioner relied on the defense of intoxication. He claims that his attorney failed to investigate sufficiently the basis of his defense, that he failed to contact potential witnesses who could have testified as to his physical condition and that he failed to interview such witnesses as did testify prior to their testimony. He points to the fact that his

---

[3] In *State v. Cloutier, supra,* we concluded that on the basis of ORS 131.505, which was enacted in 1973, the decision in *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), which held that a burglary and subsequent larceny could lead only to one conviction and sentence, was overruled. On appeal, the Supreme Court disagreed with our interpretation and reaffirmed its decision in *Woolard.*

[4] In his petition petitioner also alleged harm resulting from his attorney's failure to pursue separate trials on each indictment. He does not raise this matter on appeal.

attorney began petitioner's trial while he was still involved in another trial, and the fact that an investigator was not assigned until the trial was under way.

■     In *Rook v. Cupp,* 18 Or App 608, 613, 526 P2d 605, *rev den* (1974), we held that the standard to be applied in post-conviction proceedings, where a claim of ineffective representation of counsel is raised, is one which "* * * brings into consideration counsel's skills as a lawyer and applies a test of reasonableness under the circumstances." *See also Krummacher v. Gierloff,* 47 Or App 119, 126, 614 P2d 109 (1980). The petitioner has the burden of showing, not only counsel's incompetence, but also prejudice as a result of that incompetence. *Barzee v. Cupp,* 29 Or App 705, 707, 564 P2d 1366 (1977).

■     Applying this standard to this case we conclude that, while petitioner's attorney might have done more in the way of investigation and preparation, we cannot say that his failure to do the things petitioner now says he should have done was so unreasonable as to amount to incompetence. *See Rook v. Cupp, supra,* 18 Or App at 613. Evidence concerning petitioner's condition at the time of criminal incident was presented at this trial. While further evidence might have been offered, it is not clear exactly what this testimony would have added to petitioner's defense or how the lack of it adversely affected the result. On this basis, we affirm the trial court's denial of relief.

Affirmed.