On petitioner's petition for reconsideration filed March 26, reconsideration allowed and former opinion (95 Or App 715, 770 P2d 963) adhered to May 17, 1989

CATLIN TWITTY,
*Petitioner,*

*v.*

MAASS,
*Respondent.*

(88-C-10357; CA A49603)

773 P2d 1336

Catlin Twitty, Salem, *pro se,* for petition.

No appearance *contra.*

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

In his petition for review, treated by us as a petition for reconsideration, petitioner correctly points out that our statement in our former opinion that he had entered a guilty plea is erroneous. *Twitty v. Maass,* 95 Or App 715, 770 P2d 963 (1989). In fact, he was found guilty after he waived counsel.

In our former opinion, we held that the trial court did not err in dismissing petitioner's *habeas corpus* petition because petitioner had not established that post-conviction relief was unavailable. He argued that post-conviction relief was not available because he had raised the issue of "erroneous advice" on direct appeal and because ORS 138.550(2) therefore prevented him from again raising that same issue as a ground for post-conviction relief. ORS 138.550(2) prohibits a petitioner from asserting a ground that was asserted or could reasonably have been asserted on direct appeal.

On direct appeal, petitioner argued that the trial court erred in permitting him to waive his right to counsel and to represent himself at trial, because the court mistakenly advised him that, if he were convicted of murder, there would not be a mandatory 10-year minimum sentence. *State v. Twitty,* 85 Or App 98, 100, 735 P2d 1252, *rev den* 304 Or 56 (1987). We rejected that argument and held that a trial court is not constitutionally obligated to explain to a defendant what the mandatory minimum sentence would be if the defendant were convicted. 85 Or App at 102. Subsequently, the Supreme Court held in *Hartzog v. Keeney,* 304 Or 57, 64, 742 P2d 600 (1987), that appointed counsel does not render adequate assistance under Article I, section 11, of the Oregon Constitution if counsel fails to advise a defendant of the possibility of a minimum sentence under ORS 144.110(1) before he enters a plea of guilty.

Notwithstanding ORS 138.550(2), when a new constitutional principle is articulated between the time of a petitioner's direct appeal and the petition for post-conviction relief, a claim based on the new constitutional principle will be considered in the post-conviction proceeding. *Addicks v. Cupp,* 54 Or App 830, 838, 636 P2d 454, *rev den* 292 Or 568, *cert den* 459 US 842 (1982); *Myers v. Cupp,* 49 Or App 691, 695, 621 P2d 579 (1980), *rev den* 290 Or 491 (1981); *Pettibone v.*

*Cupp,* 43 Or App 955, 959, 607 P2d 742 (1979), *rev den* 294 Or 45 (1980). Post-conviction relief is still available to petitioner, and the trial court correctly held that it lacked jurisdiction.

Reconsideration allowed; former opinion adhered to.