Argued and submitted August 28, sentence vacated and remanded for resentencing
November 12, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## CLIFFORD CUNNINGHAM,
*Appellant.*

(C85-04-31469; CA A39055)

728 P2d 75

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant pled no contest to charges of sodomy in the second degree[1] and sexual abuse in the second degree.[2] Before sentencing, the trial court ordered that defendant be transported to the Oregon State Hospital (OSH) for "examination and evaluation" regarding the issue of sexual dangerousness under ORS 426.675. That was never done. After a hearing before another judge, the court found defendant to be a "sexually dangerous person"[3] and ordered him to participate in the Sexually Dangerous Offender Program before being paroled. The court's finding was based on the recommendation of an OSH psychologist who had never personally examined defendant. The psychologist's recommendation was based solely on his review of the presentence report and various police reports.

■     ORS 426.675 sets forth the specific procedure a court must follow in order to determine whether a defendant is a "sexually dangerous person." The statute provides, in part:

"(1)   When a defendant has been convicted of a sexual offense under ORS 163.305 to 163.465 or 163.525 and there is probable cause to believe the defendant is a sexually dangerous person, the court prior to imposing sentence may continue the time for sentencing and commit the defendant to

---

[1] ORS 163.395 provides in part:

"(1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the second degree if:

"(a) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness; or

"(b) The victim is under 14 years of age."

[2] ORS 163.415 provides, in part:

"(1) A person commits the crime of sexual abuse in the second degree if the person subjects another person to sexual contact; and

"(a) The victim does not consent to the sexual contact; or

"(b) The victim is incapable of consent by reason of being under 18 years of age, mentally defective, mentally incapacitated or physically helpless."

[3] ORS 426.510 provides:

"As used in ORS 426.510 to 426.680, unless the context otherwise requires, 'sexually dangerous person' means a person who because of repeated or compulsive acts of misconduct in sexual matters, or because of a mental disease or defect, is deemed likely to continue to perform such acts and be a danger to other persons."

a facility designated under ORS 426.670 for a period not to exceed 30 days for evaluation and report.

"(2)    If the facility reports to the court that the defendant is a sexually dangerous person and that treatment available may reduce the risk of future sexual offenses, the court shall hold a hearing to determine by clear and convincing evidence that the defendant is a sexually dangerous person. The state and the defendant shall have the right to call and cross-examine witnesses at such hearing. The defendant may waive the hearing required by this subsection."

The statute is discretionary only to the extent that a trial court may decide not to treat the defendant as a sexually dangerous person and may elect not to invoke its provisions or continue the time for sentencing. Once a finding of probable cause is made and a continuance is ordered, however, a specific procedure must be followed in order to find a defendant a "sexually dangerous person."

The statute requires that a defendant be committed to a designated facility for "evaluation and report." That language contemplates an examination of the defendant and not a mere review of records and reports.[4] In this case, the judge who made the determination that there was probable cause to believe that defendant is sexually dangerous properly ordered that he be examined and that a report be submitted by the examining psychiatrist. That procedure could not be ignored by the sentencing judge, who was required to carry out the statutory mandate.

Conviction affirmed; sentence vacated; remanded for further proceedings and resentencing in compliance with ORS 426.675.[5]

---

[4] This case differs from *State v. Dodson*, 25 Or App 859, 551 P2d 484 (1976), where the defendant was found to be a dangerous offender under ORS 161.725 and ORS 161.735. We upheld the trial court's finding, despite the absence of a post-trial psychiatric examination, because the court relied on the reports of a psychiatrist and a clinical psychologist who had examined the defendant before testifying for him at trial. 25 Or App at 864. In the present case, however, the psychologist never personally examined the defendant.

[5] Defendant also contends that his sentence of ten years, with a five-year minimum for his conviction of sodomy and five years probation for his conviction of sexual abuse, is excessive, an abuse of discretion and violative of Article I, sections 15 and 16, of the Oregon Constitution. Because his sentence is vacated, we do not consider that contention.