29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tyrone BLOCKER, Plaintiff-Appellant,
v.
Frank HALL, Director of the Department of Corrections;
Michael McGee, Superintendent, Columbia River Correctional
Institution; Barbara Meeley, Program Manager, Columbia
River Correctional Institution; Linda B. Manchee,
Counselor, Columbia River Correctional Institution; Manfred
Maass, Superintendent, Oregon State Penitentiary; et al.,
Defendants-Appellees.
 No. 93-35764.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tyrone Blocker, an Oregon state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in this action under 42 U.S.C. Sec. 1983 which alleged that Blocker's constitutional rights were violated by his transfer to a medium custody prison. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Tipton v. University of Hawaii, 15 F.3d 922, 925 (9th Cir.1994), and affirm.
 
 
 3
 Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (citation omitted); see Conner v. Sakai, 15 F.3d 1463, 1467 (9th Cir.1994).
 
 
 4
 To state a section 1983 claim, the plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Id. at 623.
 
 
 5
 In his complaint, Blocker alleged that prison officials transferred him from a minimum custody prison to a medium custody prison in retaliation for Blocker's refusal to participate in a sex offender treatment program. Blocker sought declaratory and injunctive relief and damages from each defendant for such alleged retaliatory acts as raising Blocker's security classification and denying him good time credits. The district court concluded that Blocker was unable to show retaliation for the exercise of any protected constitutional right. We agree.
 
 
 6
 A prisoner suing prison officials under section 1983 for retaliation must allege that (1) he was retaliated against for exercising his constitutional rights and (2) the retaliatory action does not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 7
 Here, Blocker was transferred from a minimum custody prison to a medium custody prison after a prison counselor determined that Blocker, who had been convicted of rape, should enter a sex offender treatment program. Blocker refused, and under institutional policy, Blocker's inmate classification was raised to reflect this refusal. This increase, together with a disciplinary infraction, was sufficient to raise Blocker's security classification to a level requiring transfer from a minimum security to a medium security prison.
 
 
 8
 Blocker contends that under Oregon law only the sentencing judge, and not a prison official, has the authority to order sex offender treatment for an inmate. Blocker therefore contends that he has a federally protected liberty interest in refusing sex offender treatment without any institutional consequences. This contention lacks merit.
 
 
 9
 The Due Process Clause does not create a liberty interest in remaining in a particular prison or a particular custody level. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). There is no constitutional right to a prisoner's rehabilitation under the Fourteenth Amendment. See Rizzo, 778 F.2d at 531; Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982). Oregon also has not established a constitutional right to rehabilitation. See Kent v. Cupp, 554 P.2d 196, 197-98 (Or.App.1976).
 
 
 10
 Blocker has cited no authority and we know of none which prevents a prison from providing sex offender treatment programs. The Oregon statute upon which Blocker relies provides that the sentencing judge may, at his discretion, classify a defendant as a sexually dangerous person. See Or.Rev.Stat. Sec. 426.675; Oregon v. Cunningham, 728 P.2d 75, 76 (Or.App.1986).[1] The statute does not prevent the Corrections Division from offering sex offender treatment to prisoners who were not so classified by the sentencing judge, and the Corrections Division apparently conducts not only the sex offender treatment program which Blocker rejected, but also "anger management courses and drug and alcohol treatment." See Cook v. Zenon, 810 P.2d 864, 865 (Or.App.1990).
 
 
 11
 Moreover, contrary to his assertions, prison officials did not require Blocker to participate in the program. His participation was not a mandatory condition of his incarceration; Blocker can complete his sentence regardless of whether or not he participates in the program. Given these circumstances, Blocker's claim of a constitutionally protected interest in refusing to participate in a prison's sex offender treatment program lacks merit. See Rizzo, 778 F.2d at 530; Hoptowit, 682 F.2d at 1255.
 
 
 12
 Blocker also has not shown that prison officials are retaliating against him by increasing his security classification for his refusal to participate in sex offender treatment. Blocker presents no evidence that the prison officials' actions were retaliatory, or that their actions did not advance legitimate penological goals. In support of their motion for summary judgment, the defendants submitted affidavits from Barbara Mealey, a Social Services Manager for the prison. Mealey avers that Blocker's security classification was raised under the prison's policy for his refusal to undergo the required treatment programs, and because of disciplinary infractions. Blocker's evidence, which he submitted in response to defendants' summary judgment motion, does not rebut Mealey's statements, and Blocker's bare allegations do not suffice to establish a retaliation claim and defeat the prison officials' summary judgment motion. See Rizzo at 532; see also Conner, 15 F.3d at 1467.
 
 
 13
 Finally, Blocker contends for the first time in his reply brief that the district court erred by granting defendants' motion for summary judgment without giving him notice of the requirements for summary judgment rulings under Fed.R.Civ.P. 56 pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.1988). While we ordinarily do not consider issues raised for the first time in a reply brief, see Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990), because Blocker is proceeding pro se, in the exercise of our discretion we will address this contention.
 
 
 14
 "District courts are obligated to advise prisoner pro per litigants of Rule 56 requirements." Klingele, 849 F.2d at 411-12. Here, prior to the filing of defendants' motion for summary judgment, Blocker was given a full opportunity for discovery, including interrogatories and document production. Blocker submitted affidavits and other evidence in opposition to the defendant's motion, and also later submitted to the district court the affidavits of other prisoners. The district court, after reviewing the entire record, found that Blocker failed to come forward with evidence sufficient to establish the existence of any elements essential to his case. On appeal, Blocker does not indicate what evidence he could have obtained which would have defeated the defendants' summary judgment motion. See id. at 412. Thus, although the district court did not advise Blocker of the requirements for summary judgment per se, we conclude that the error was harmless. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The statute provides in relevant part:
 (1) When a defendant has been convicted of a sexual offense ... and there is probable cause to believe the defendant is a sexually dangerous person, the court prior to imposing sentence may continue the time for sentencing and commit the defendant ... for a period not to exceed 30 days for evaluation and report.
 * * *
 (3) If the court finds that the defendant is a sexually dangerous person and that treatment is available which will reduce the risk of future sexual offenses, it may, in its discretion at the time of sentencing:
 (b) Impose a sentence of imprisonment with the order that the defendant be assigned by the Director of the Department of Corrections to participate in a treatment program for sexually dangerous persons.
 Or.Rev.Stat. Sec. 426.675.